FILED
HARRISBURG, PA

FEB 19 2003

MARY E. D'ANDREA, CLE
Per _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMANDA BARGE and<br>ARTHUR BARGE,<br>        Plaintiffs | : | |
| v. | : | CASE NUMBER: 1:00-CV-1881 |
| DAVID J. SALINGER, M.D.;<br>WILLIAM YING, Ph.D.;<br>KEYSTONE ONCOLOGY, LLC d/b/a<br>HERITAGE HILLS ONCOLOGY CTR.;<br>COMPREHENSIVE PHYSICS AND<br>REGULATORY SERVICE, LTD. and<br>EQUIMED, INCORPORATED,<br>        Defendants | : | Judge Rambo<br><br>JURY TRIAL DEMANDED |

**PROPOSED JURY VOIR DIRE QUESTIONS OF
DEFENDANTS WILLIAM YING, Ph.D. AND
COMPREHENSIVE PHYSICS AND REGULATORY SERVICES**

1.    Do any of you know the following individuals:

William Ying, Ph.D.
Harrisburg Cancer Center
775 S. Arlington Ave.
Harrisburg, PA 17109

David Salinger, M.D.
500 University Drive
Hershey, PA

1.      In order for the Plaintiffs to recover in this case, the Defendants' conduct must have been a substantial factor in bringing about the accident. This is what the law recognizes as legal cause. A substantial factor is an actual, real factor, although the result may be unusual or unexpected, but it is not an imaginary or fanciful factor or a factor having no connection or only an insignificant connection with the accident. See generally, Pa. Standard Civil Jury Instruction, 3.25.

2.	The mere fact that Plaintiffs, Amanda and Arthur Barge, have started a lawsuit against the Defendants is not enough to entitle them to prevail. Similarly, the mere fact that the Plaintiffs claim that they sustained injuries is not enough to establish the liability of the Defendants. There is no presumption or inference of negligence merely because medical care terminated in an unfortunate result. <u>Gallegor by Gallegor v. Felder</u>, 329 Pa. Super. 204, 478 A.2d 34 (1984); <u>Collins v. Hand</u>, 431 Pa. 378, 246 A.2d 398 (1963).

3.     In order to prevail in this lawsuit, the Plaintiffs must sustain their burden of proof with regard to their allegations of liability. Plaintiffs must prove to you by what the law calls a fair preponderance of the evidence that the Defendants were negligent and that their negligence was a substantial factor in causing the loss claimed by the Plaintiffs. <u>Mapp v. Wombucker</u>, 421 Pa. 383, 219 A.2d 681 (1966).

4.     In examining the evidence to determine whether the Plaintiffs have successfully carried their burden of proof, you must not permit sympathy for any party to influence your judgment. See generally, Pennsylvania Civil Jury Instruction, 20.00.

5.  The number of witnesses offered by one side or the other does not, in itself, determine the weight of the evidence. It is a factor, but only one of many factors which you should consider. Whether the witnesses appear to be biased or unbiased; whether they are interested or disinterested persons, are among the important factors which go to the reliability of their testimony. The important thing is the quality of the testimony of each witness. In short, the test is not which side brings the greater number of witnesses or presents the greater quantity of evidence; but which witness or witnesses, and which evidence, you consider worthy of belief. Even the testimony of one witness may outweigh that of many, if you have reason to believe his testimony in preference to theirs. Obviously, however, where the testimony of the witnesses appears to you to be of the same quality, the weight of numbers assumes particular significance. See generally, Pennsylvania Standard Civil Jury Instruction 5.03; See also Pressler v. Pittsburgh, 419 Pa. 440, A.2d 616 (1965).

6.  In order for you to disbelieve a witness, it is not necessary for you to determine that the witness is intentionally misstating the facts, it is only necessary for you to determine that the testimony given is not believable. Marcus v. Pittsburgh, 415 Pa. 252, 203 A.2d 317 (1964). In determining the credibility of the Plaintiffs, you may consider the fact that they are interested in this suit and stand to gain monetarily by a favorable verdict. See generally, Pa. Standard Civil Jury Instruction, 5.03; see also, Frontage, Inc. v. Allegheny County, 400 Pa. 249, 162 A.2d 1 (1960); Marcus v. City of Pittsburgh, 415 Pa. 252, 203 A.2d 317 (1964).

7.    Questions have been asked in which an expert witness was invited to assume that certain facts were true and to give an opinion based upon that assumption. These are called hypothetical questions. If you find that any material fact assumed in a particular hypothetical question has not been established by the evidence, you should disregard the opinion of the expert given in response to that question. (By material fact, we mean one that was important to the expert in forming his/her opinion.)

Similarly, if the expert has made it clear that his/her opinion is based on the assumption that a particular fact did not exist and, from the evidence you find that it did exist and that it was material, you should give no weight to the opinion so expressed. See generally, Pennsylvania Standard Civil Jury Instruction, 5.30.

8.   Healthcare providers such as the Defendants do not warrant a cure or guarantee the result of its treatment. <u>Collins v. Hand</u>, 431 Pa. 378, 246 A.2d 398 (1968); <u>Donaldson v. Maffuci</u>, 397 Pa. 548, 156 A.2d 835 (1959); <u>Ragan v. Steen</u>, 229 Pa. Super 515, 521, 331 A.2d 724 (1974).

9. An unfortunate result is not a factor, which will give rise to an inference of negligent treatment. The law recognizes the difficulties in medical science and has wisely provided the rule that evidence of unfortunate or bad result is not evidence of malpractice or negligence. A physician may be found negligent only where his conduct fails to fulfill the legal standard to which she must adhere. <u>Collins v. Hand</u>, 431 Pa. 378, 246 A.2d 398 (1968); <u>Ragan v. Steen</u>, 229 Pa. Super. 331 A.2d 724 (1974).

10. If you believe from the evidence that the conditions and things of which the injuries were caused or occasioned by or from any cause or causes over which the Defendants had no control, or for which they were not responsible, your verdict must be in favor of the Defendants. If you believe that it cannot be determined with reasonable certainty whether the conditions of which Plaintiffs complain were or were not caused by any act or failure to act on the part of the Defendants, or by anything over which they had control, your verdict must be in favor of the Defendants. You are not allowed to engage in conjecture or speculate as to the cause of the injuries, if any, in this case. <u>Hamil v. Bashline</u>, 392 A.2d 1280, 481 Pa. 256 (1978).

11. It is the purpose of personal injury compensation neither to reward Plaintiffs, nor to punish the Defendants, but to replace Plaintiffs' losses. <u>Domeracki v. Humble Oil & Refining Co.</u>, 443 F.2d 1245 (3d Cir. 1971).

12. All claimed losses need not be accepted by you – only those that are fair, reasonable and necessary. Those that are doubtful or speculative or which you are find are not causally related to the incident may be rejected by you. <u>Cohen v. Albert Einstein Medical Center, Northern Div.</u>, 405 Pa. Super. 392, 592 A.2d 720 (1991).

          Respectfully submitted,

          **FARRELL & RICCI, P.C.**

Date: 2/19/03

          Joseph A. Ricci, Esquire
          Attorney I.D. No. 4980
          4423 North Front Street
          Harrisburg, PA 17110
          (717) 230-9201
          Counsel for Defendants William Ying, Ph.D.
          and Comprehensive Physics and Regulatory Services

## CERTIFICATE OF SERVICE

**AND NOW**, this ___19th___ day of February, 2003, I, Joseph A. Ricci, Esquire, hereby certify that I served a true and correct copy of the foregoing *Proposed Jury Instructions* upon all counsel of record by depositing a copy of same in the United States mail, regular delivery, postage prepaid at Harrisburg, Pennsylvania, addressed as follows:

Richard Oare, Esquire
1434 South George Street
York, PA  17403

Louis G. Close, III, Esquire
22 West Pennsylvania Avenue
Suite 300
Towson, MD  21204

B. Craig Black, Esquire
Robert A. McDermott, Esquire
McKissock & Hoffman, P.C.
2040 Linglestown Road
Suite 302
Harrisburg, PA  17110

_____
Joseph A. Ricci, Esquire