IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMANDA BARGE, et ux., | * | NO. 1:00-CV-1881 |
| Plaintiffs | * | |
| v. | * | CIVIL ACTION - LAW |
| DAVID J. SALINGER, M.D., et al., | * | Judge Conner |
| Defendants | * | JURY TRIAL DEMANDED |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**1.00 (CIV)   PRELIMINARY INSTRUCTIONS – GENERAL
            NATURE OF ACTION—PROCEDURE—CAUTIONS**

Good morning, ladies and gentlemen. We're about to start the trial of this case, for which you have been good enough to agree to serve as judges of the facts.

There are three things I would like to tell you before we actually get started:

First, what's your job, what's your role here? Your role is to be the judges of the facts, to be those who will tell us for the first, last, and only time what is the true and just verdict, according to the law and according to the evidence in this case.

I am only the judge of the law. I am like the umpire at the baseball game. I call the balls and strokes, and I say what is safe and what's out, according to the law. And the lawyers and I will be discussing those questions from time to time, usually out of your hearing. But that's all I do. I make sure we have a level playing field, according to the law.

You, on the other hand, my friends, have the very important job of deciding what is the truth, of rendering a just verdict in this case.

How do you go about doing that? Well, you do it by paying close and careful attention to the evidence. What is the evidence? The evidence is what you will hear as answers from the witness stand.

Now, notice, I have said it's the answers. The attorneys will be asking questions – perhaps I will even ask a question from time to time – but it is not the question that constitutes the evidence. It is the answer that the witness give you, or it is the piece of paper, the document, the exhibit I allow to come into evidence, which I allow you to consider as part of the evidence.

So please understand, it is the answer from the witness stand, not the question. Only if the witness adopts the question, agrees with the question, does the question then become of importance. The answer is the evidence.

What is your job, then, as you determine what is the evidence? Well, the easiest way to do it is to say that you are the judges of creditability. You are there to judge what you believe, what you will accept as true for the purpose of making an important decision. Because, you see, the decision you make as judges of the facts is important not only to these litigants who appear

1

before you, but it is important to you, individually and collectively. It is important that you get it right. And, of course, it's very important to our system and to the way in which our system works in resolving disputes, which is what we have before us to solve.

The admission of evidence in court is governed by rules of law. During the trial, the attorneys may deem it necessary to make objections and it then becomes my duty to rule on those objections and to decide whether certain evidence can be admitted for your consideration. You must not concern yourself with the objections or my reasons for my rulings. The attorneys have the right and duty to make objections in order to make sure that only legally sufficient and relevant evidence is considered by you. You should not penalize any of the litigating parties because his or her attorney makes objections. You must not consider testimony or exhibits to which I have sustained an objection, or which I have ordered stricken from the record. None of my rulings should be regarded as an indication of my opinion as to what your findings should be. You should not take any questions I may ask witnesses as any indication of my opinion as to how you should determine the issues of facts. Any opinion you think I may have as to the facts would not be at all important – you, and you alone, are the sole finders of the facts.

You must consider and weigh the testimony of each witness and give it the weight that, in your judgment, it is fairly entitled to receive. The matter of the credibility of a witness, that is, whether the testimony is believable in whole or in part, is solely for your determination. I will mention some of the factors that might bear on such determination: whether witnesses have any interest in the outcome of the case or have friendship or animosity toward other persons concerned in the case; the behavior of the witness on the witness stand and the witness' demeanor; the manner of testifying and whether witnesses show any bias or prejudice that might color their testimony; the accuracy of witnesses' memory and recollection; witnesses' ability and opportunity to acquire knowledge of or to observe the matters they are testifying about; the consistency or inconsistency of their testimony as well as its reasonableness or unreasonableness in the light of all the evidence in the case.

When you judge credibility, you are doing something you do every day of your life. You do it with your family, you do it with your friends, you do it with your business associates, you do it whenever you go shopping or when you are out. That is, you have to decide what is it that you see and hear? What is it that you are being told that you will accept as being true, that you will accept as being something on which you will base a decision?

An example I often give is that you see in yesterday's newspaper an ad from K-mart, which says that have a special on sale; and you go to K-mart today and you go to the shelf where the special should be and the shelf is empty; and you turn to the clerk and say, "Ms. Clerk, I would like to have one of those specials"; and the clerk says to you, "I'm sorry, they are all sold out. We don't have any in the back room, we don't have any in the warehouse; as far as I can tell, there are none of them in existence, anywhere."

And just by the way the clerk says that to you, just by the way she looks, by the way she sounds, you know that you won't accept that as being so; or by the way she looks and the way she sounds, you say I accept that, that's true, they are sold out.

Same thing you do every day.

Another way of judging credibility, I suggest to you, is as follows: a moment ago when I walked into this room everybody was asked to please rise. Well, we do that not because I am somebody special, because I am not. We do that because by wearing this robe and occupying the role that I do in this courtroom, I represent the law, and it is a way of reminding us of the serious purpose we're about here, not because I am special.

2

As a matter of fact, if the law ere put together correctly, in my opinion, we would rise when you came into the room, not I. But, in any event, do not let the formalities of the courtroom – and you will hear the lawyers saying "your honor," and other kinds of things that are customary – faze you. Please don't consider the formality of the room as being something different from what you do every day.

Let me make this suggestion: assume that you are sitting at home in your favorite chair, or on the sofa, and the same witnesses come before you and give the same answers, the same evidence at your home as they will be giving in this courtroom.

And when it's all over, you go into the kitchen with your husband or your wife, and while you are there, that person says to you, what did you think of that? What did you believe? What had the ring of truth about it amongst all of the answers, all of the evidence that you heard?

That's the way you do your job. You do the job for which you have lived the years you have lived in your various walks of life. That's why each of you separately and all of you together are the judges of the facts in this case.

What do you believe? What are you willing to base an important decision?

If you recall, at the beginning of my address today, I mentioned that there are three things I need to tell you. Number 2 is, how do we go about presenting a case to you?

Well, in a few minutes when I am done speaking we will have what are known as opening statements. That is, Mr. Close will tell you on behalf of his clients what he believes the evidence will be. He will predict for you what he understands the evidence will be that you will be hearing and seeing, and he does this so that you have an understanding, an outline, if you will, of what this case is going to be about.

And this is done so that as you hear the evidence over the next several days – you see, you don't get all the evidence at one time – as you hear the evidence over the next several days. You will be able to organize it and see where the pieces begin to fit one with the other.

It is not a time for argument, and Mr. Close will not argue during opening statements. It is simply like the picture on the cover of a jigsaw puzzle box. It tells you what the jigsaw puzzle, the evidence, should look like when you have it all.

When he is finished, Mr. Black and Mr. Ricci have a right to make an opening statement on behalf of their respective clients. They may choose to do so, or they may say, "I would rather wait until it's my turn to present evidence," which they are allowed to do, and which many fine lawyers decide to do. So we will wait to see if Mr. Black and/or Mr. Ricci want to make an opening statement now or if they wish to reserve.

In any event, after opening statements are concluded, Mr. Close and Mr. Oare will then commence with a presentation of evidence. They will call witnesses on behalf of their clients to the witness stand. They will examine them on what is known as direct examination, which means that they will ask questions and the witnesses will give answers, which constitute evidence.

When each of the witnesses is done on direct examination, the witness will be subject to cross-examination by Mr. Black and Mr. Ricci. Cross-examination has two roles: one, to bring out the facts that have not been brought out in direct examination, to add to your fund of information.

The second purpose of cross-examination is to ask questions that will help you to judge the credibility of the witness. It is doubtful that during the course of this trial anyone is going to do like they do in Perry Mason. No one is going to jump up and say, "I confess, I did it," or "I confess, I didn't do it." Rather, the roles of cross-examination are what I have just suggested to

you: to add information, and also to ask questions so that, via those answers, you will have a better opportunity to judge what you shall believe and what you shall not.

When Mr. Close and Mr. Oare have completed the presentation of their case by way of their witnesses, Mr. Black and Mr. Ricci then have the right to call witnesses, and they will call them in order to conduct direct examination. Those witnesses will be subject to cross-examination by Mr. Close and Mr. Oare just as Mr. Black and Mr. Ricci have cross-examined the plaintiff's witnesses.

Do not discuss this case, or anything connected with it, among yourselves, until all the evidence is in and you have received the final instructions from me and have retired to the jury room for deliberations to reach your verdict. Do not permit others to discuss this case with you, or in your presence. If such a thing should occur, you should advise me promptly. In addition, do not talk to counsel or the parties or witnesses on any subject. If you were to do so, even though innocently, it could be misinterpreted and could create serious problems. When all of those witnesses are finished, you will then received from me the instructions on the law, what is sometimes called the charge. I will tell you the principles of law that apply to this case so that you will be able to put the facts into their proper sequence, answer the proper questions, and render that true and just verdict.

When I am finished, Mr. Close will make a closing argument, and Mr. Black and Mr. Ricci will make a closing argument and Mr. Close will make a brief rebuttal argument.

Those arguments from the lawyers are intended to marshal the evidence that you have heard, to suggest to you what you should find to be credible, and to suggest to you what your verdict should in the case. That is the time for argument.

Then the arguments are concluded, the case becomes yours. And you will then decide, you will reason together, you will deliberate and you will then tell us what is this true and just verdict, of which I have spoken.

The attorneys and I are required by law to take up certain matters out of your hearing since it is very important that you hear only evidence that is legally sufficient and relevant. We may do this at what is known as a side-bar conference where the lawyers come up and speak with me out of your hearing. Do not concern yourself with such a proceeding. While you may be interested in knowing what is being said, much of the discussion will turn on legal arguments and certain testimony that may or may not be relevant to the case. In any event, as I have told you, you are the judges of the facts and the only facts you may judge are those that are presented by witnesses under oath. Consequently, while you may be tempted to feel that you are being left out of what is going on at a side-bar conference, you must understand that these conferences are being held in order to assure that you consider only legally sufficient and relevant evidence and to give the attorneys an opportunity to state their positions on legal issues.

So that's the sequence we will follow, and in a moment we will begin with the opening statements.

One final thing: my friends, you are, and please believe me that you are, my partners, which means, among other things, if there is anything we can do to make your service more comfortable, more meaningful, to assist you in understanding the evidence, all you need to do is to let me know. And the way in which you let me know – suppose you need to take a break, or suppose you can't see an exhibit, or support you can't hear a witness making answers – all you need to do is raise your hand and one of the courtroom officials will note it, or I will. We will then ask what it is we can do to help you, and we will respond in every way we are allowed to, and that we can, to make your service more comfortable and more meaningful.

You are, my friends, my partners, and so when we start at _____ *(time of day)* and we work until _____ *(time of day)*, we're going to work on this together.

We need to work together in a true partnership in this case, because this is an important case for everybody, including you and me.

Thank you for being here.

## 1.03 (CIV)    MULTIPLE PARTIES

In this case there are several different parties representing separate and distinct claims. The law permits joining these claims for trial because they arise out of the same subject matter. Although these different claims will be tried together, each is separate from the other(s), and each party is entitled to have you consider each claim separately as it affects that party. Therefore, you should consider the evidence as it relates to each party or claim separately, as you would if each claim had been tried before you separately.

## 2.00 (CIV)    GENERAL INSTRUCTIONS DURING TRIAL – INTRODUCTION

The instructions in this section are designed for use during the trial to cover special situations deemed to warrant explanation or direction by the court as they occur. Such instructions or admonitions should be provided in appropriate uniform manner so that an orderly trial may be conducted with expedition, and to enable the jury to understand the particular incident and give it proper weight. It is desirable that the court give whatever explanatory definition may be necessary, rather than relinquish this to counsel who may be tempted to employ the opportunity for argumentative explanation or inappropriate detail.

Instructions relating to specific situations occurring during the trial might well be preferable at the time the incident occurs, where they would be relevant and understandable, rather than at the end of the case, when its significance might well be lost, and the jury might be confused or directed from the major issues. The final instructions could then be limited to such issues and the applicable law.

## 2.10 (CIV)    ADMISSIONS OF FACT
## (PLEADINGS, ANSWERS TO INTERROGATORIES OR REQUESTS FOR ADMISSIONS, DEPOSITIONS, STATEMENTS)

The admission(s) of fact made by the [agent of the] (defendant) (plaintiff) in the answer to the complaint [or other pleading, document, statement, testimony] (has) (have) been offered by the (plaintiff) (defendant) and received in evidence. The (defendant)(plaintiff) is bound by (this)(these) admission(s).

## 2.19 (CIV)    EXHIBITS

The exhibits which have been identified and received in evidence are now being shown to you for your careful examination, without discussion at this time, to aid you in understanding the testimony.

**2.20 (CIV)   (IMPEACHMENT) (CORROBORATION) OF WITNESS BY PRIOR (INCONSISTENT)(CONSISTENT) STATEMENT**

*First alternative – inconsistent statement*
    The evidence you have heard, that the witness made an earlier statement inconsistent with (his)(her) testimony at this trial, has been admitted not only to aid you in evaluating the credibility of that witness but may also be considered as substantive evidence of the truth of the contents of the statement bearing upon the fact at issue.

*Second alternative – consistent statement*
    The evidence you have heard, that the witness made an earlier statement consistent with (his)(her) testimony at the trial is admissible only for the purpose of showing the facts as a witness knows and testifies to have not been recently fabricated. You may not consider this prior statement for the purpose of proving the truth of (his)(her) present testimony.

**2.21 (CIV)   IMPEACHMENT OF A PARTY, OR A PARTY'S OWN WITNESS**

    The evidence that the (plaintiff)(defendant) made an earlier statement (inconsistent)(consistent) with (his)(her) testimony at this trial may be considered by you not only in your evaluation of that party's credibility but also as evidence of the truth of the contents of the statement bearing upon the facts in issue.

**5.03   NUMBER OF WITNESSES**

    The number of witnesses offered by one side or the other does not, in itself, determine the weight of the evidence. It is a factor, but only one of many factors which you should consider. Whether the witnesses appear to be biased or unbiased; whether they are interested or disinterested person, are among the important factors which go to the reliability of their testimony. The important thing is the quality of the testimony of each witness. In short, the test is not which side bring the greater number of witnesses or presents the greater quantity of evidence; but which witness or witnesses, and which evidence, you consider most worthy of belief. Even the testimony of one witness may outweigh that of many, if you have reason to believe his testimony in preference to their. Obviously, however, where the testimony of the witnesses appear to be you to be of the same quality, the weight of numbers assumes particular significance.

**5.04   CONFLICTING TESTIMONY**

    You may find inconsistencies in the evidence. Even actual contradictions in the testimony of witnesses do not necessarily mean that any witness has been willfully false. Poor memory is not uncommon. Sometimes a witness forgets; sometimes he remembers incorrectly. It is also true that two persons witnesses an incident may see or hear it differently.

    If different parts of the testimony of any witness or witnesses appear to be inconsistent, you the jury should try to reconcile the conflicting statements, whether of the same or of different witnesses, and you should do so if it can be done fairly and satisfactorily.

If, however, you decide that there is a genuine and irreconcilable conflict of testimony, it is your function and duty to determine which, if any, of the contradictory statements you will believe.

**5.07    CIRCUMSTANTIAL EVIDENCE**

In this case you have heard what the law calls circumstantial evidence. Circumstantial evidence consists of proof of facts, or circumstances, from which it is reasonable to infer the existence of another fact. You may consider circumstantial evidence and you should, give it whatever weight you believe it deserves.

**5.30    EXPERT TESTIMONY – CREDIBILITY GENERALLY**

1.    You will recall that Robert Brookland, M.D. gave testimony of his qualifications as an expert in the field of radiation oncology.

2.    You will recall that Glen Tonnesen, M.D. gave testimony of his qualifications as an expert in the field of radiation oncology.

3.    You will recall that James Rodgers, Ph.D. gave testimony of his qualifications as an expert in the field of radiation oncology physics.

4.    You will recall that Stephen Siebert, M.D. gave testimony of his qualifications as an expert in the field of psychiatry.

5.    You will recall that Paul Manson, M.D. gave testimony of his qualifications as an expert in the field of plastic and reconstruction and maxillofacial surgery.

A witness who has special knowledge, skill, experience, training, or education in a particular science, profession, or occupation may give his opinion as an expert as to any matter in which he is skilled. In determining the weight to be given to his opinion, you should consider the qualifications and reliability of the expert and the reasons given for his opinion. You are not bound by an expert's opinion merely because he is an expert; you may accept or reject it, as in the case of other witnesses. Given it the weight, if any, to which you deem it entitled.

**5.31    EXPERT TESTIMONY – BASIS FOR OPINION GENERALLY**

In general, the opinion of an expert has value only when you accept the facts upon which it is based. This is true whether the facts are assumed hypothetically by the expert, from his personal knowledge, from some other proper source or from some combination of these.

**5.32    HYPOTHETICAL QUESTIONS**

Questions have been asked in which an expert witness was invited to assume that certain facts were true and to give an opinion based upon that assumption. These are called hypothetical questions. If you find that any material fact assumed in a particular hypothetical question has not been established by the evidence, you should disregard the opinion of the expert given in response to that questions. (By material fact, we mean one which was important to the expert in forming his opinion.)

Similarly, if the expert has made it clear that his opinion is based on the assumption that a particular fact did not exist and, from the evidence you find that it did exist and that it was material, you should give no weight to the opinion so expressed.

**5.33    WEIGHING CONFLICTING EXPERT TESTIMONY**

In resolving any conflict that may exist in the testimony of expert witnesses, you are entitled to weigh the opinion of one expert against that of another. In doing this, you should consider the relative qualifications and reliability of the expert witnesses, as well as the reasons for each opinion and the facts and other matters upon which it was based.

**5.40    CAUTIONARY CHARGE: JURY NOT TO ASSUME JUDGE HAS EXPRESSED AN OPINION ON THE EVIDENCE**

I have invited your attention to various factors which you may consider in evaluation (x's testimony) (the evidence for the plaintiff and defendant). In doing so, I have not attempted to indicate any opinion on my part concerning the weight which you should give to the evidence or to any part of it and I would not want you to think that I had. In any event, it is for you and you alone to determine the credibility of each witness.

**5.41    CAUTIOINARY CHARGE TO ACCOMPANY JUDGE'S COMMENT ON CREDIBILITY OR LIABILITY**

The committee recommends that no instruction be given on this subject.

**5.50    BUREN OF PROOF**

In civil cases such as this one, the plaintiff has the burden of proving those contentions which entitle him to relief.

When a party has the burden of proof on a particular issue, has contention on that issue must be established by a fair preponderance of the evidence. The evidence establishes a contention by a fair preponderance of the evidence if you are persuaded that it is more probably accurate and true than not.

To put it another way, think, if you will, of an ordinary balance scale, with a pan on each side. Onto one side of the scale, place all of the evidence favorable to the plaintiff; onto the

8

other, place all of the evidence favorable to the defendant. If, after considering the comparable weight of the evidence you feel that the scales tip, ever so slightly or to the slightest degree in favor of the plaintiff, your verdict must be for the plaintiff. If the scales tip in favor of the defendant, or are equally balanced, your verdict must be for the defendant.

In this case, the plaintiff has the burden of proving the following propositions: that the defendant was negligent, and that that negligence was a substantial factor in bringing about the radiation burn injuries to Amanda Barge. If, after considering all of the evidence, you feel persuaded that these propositions are more probably true than not true, your verdict must be for the plaintiff. Otherwise, your verdict should be for the defendant.

**6.00   DAMAGES**

If you find that any of the defendants are liable to the plaintiff, you must then find an amount of money damages which you believe will fairly and adequately compensate the plaintiff for all the physical and financial injury she has sustained as a result. The amount which you award today must compensate the plaintiff completely for damages sustained in the past, as well as damage the plaintiff will sustain in the future.

**6.01E PAST PAIN AND SUFFERING**

The plaintiff is entitled to fairly and adequately compensated for such physical pain, mental anguish, discomfort, inconvenience, and distress as you find she had endured, from the time of the accident until today.

**6.01   LOSS OF CONSORTIUM**

The plaintiff's spouse is entitled to be compensated for the loss of the injured party's services to him and the loss of companionship of his spouse.

**6.21   DAMAGES – LIFE EXPECTANCY**

If you find that the plaintiff's injuries will continue beyond today, you must determine the life expectancy of the plaintiff. According to statistics compiled by the United States Department of Health, Education and Welfare, the average life expectancy of all persons of the plaintiff's age at the time of accident, sex and race was __ years. This figure is offered to you only as a guide and you are not bound to accept it if you believe that the plaintiff would have lived longer or less than the average individual in her category. In reaching this decision you are to consider the plaintiff's health prior to the accident, her manner of living, her personal habits and other factors that may have affected the duration of her life.

**6.30   CONCURRING CAUSES**

The plaintiff is entitled to recover damages for all injuries which the defendant's negligence was a substantial factor in producing. The defendant's negligence need not be the sole cause of the injuries; other causes may have contributed to producing the final result. The

fact that some other factor may have been a contributing cause of an injury does not relieve a defendant of liability, unless you find that such other cause would have produced the injury complained of independently of his negligence. {Even though prior conditions or concurrent causes may have contributed to an injury, if defendant's negligence was a substantial factor in producing the injury, defendant is liable for the full amount of damages sustained, without any apportionment or diminution for the other conditions or causes.

**10.00   PROFESSIONAL NEGLIGENCE – INRODUCTION**

Although the majority of the following instructions are specifically framed in terms of the medical professional, this is only because the preponderance of Pennsylvania cases which discuss professional negligence have involved physicians. While the issue of informed consent and differing schools of practice will not likely arise in cases predicted on the negligent conduct of other professionals, the standard of care for physicians seems generally applicable to all professions. Prosser, handbook of the law of torts $$ 161-162 (4th ed. 1974); see comment, professional negligence, 121 u of pa. L. Rev. 627 (1973); symposium on professional negligence, 12 v and l. Rev. 5355-850 (1959). For example, the standard by which the performance of an architect will be judged is the standard of ordinary care exercised by a reasonable person possessing the skills exercised by a person in that profession. Follansbee Bros. Bureau Co. v. Garrett-Cromwell Engineering Co., 48 pa. Super. 183 (1911).

The supreme court of Pennsylvania has long held an attorney must exercise the ordinary and reasonable skill and care in his profession. Law all v. Groman, 180 pa. 532, 37 a.98 (1897). In Waln v. Beaver, 161 pa. 605, 29a 493 (1894, testimony by other attorneys as to what they would have done was held to be admissible on the issue of defendant-attorney's negligence. In Enterline v. Miller, 27 pa. Super. 463, 467 (1905), it was stated that an attorney "must at least, be familiar with the well-settled principles of law and rules of practice which are of frequent application in the ordinary business of the profession . . . And must give such attention to his duties, and to the interest of his client, as ordinary prudence demands, or members of the profession usually bestow." Similarly, in Mazer v. Security Ins. Group, 368 Fsupp. 418 (e.d. pa. 1973), the standard was held to be "skills commonly practiced and exercised by attorneys of ordinary skill and capacity", aff'd 507 f.2d 1338 (3rd cir. 1973); see also Schenkel v. Monheit, 266 pa. Super. 396, 399, 405 a.2d 493 (1979) and Duke & Co. v. Anderson, 275 pa. Super 65, 71, 418 a2d 618 (1980). The duty owed by an attorney in a professional negligence case has been outline in instruction 10.01a.

**10.02 (CIV)   PROFESSIONAL NEGLIGENCE OF PHISICIAN—DEFINITION**

Professional negligence consists of a negligent, careless, or unskilled performance by a physician of the duties imposed on him or her by the professional relationship with his or her patient. It is also negligence when a physician shows a lack of proper care and skill in the performance of a professional act.

10

**10.03a (CIV) STANDARD OF CARE—PHYSICIANS**

A physician must have and use the same knowledge and skill and exercise the same care as that which is usually had and exercised in the medical profession. A physician whose conduct does not meet this professional standard of care is negligent.

[Where defendant-physician is a specialist:] a physician who holds himself out as a specialist in a particular field of medicine must have and use the same knowledge and skill and exercise the same care as that which is usually had and exercised by other specialists in that same medical specialty. A specialist whose conduct does not meet this professional standard of care is negligent.

[Under this professional standard of care] a physician must also keep informed of the contemporary developments in the medical profession [or his or her specialty therein] and the physician must use these current skills and knowledge. In other words, a physician is bound to be up to the improvements of the day in medical skills and knowledge and if the physician fails to inform himself or herself of these advances or fails to employ these advances in the medical treatment of a patient, he or she is negligent.

A physician must also use the same degree of care as would a reasonable person under the circumstances, and if the physician fails to do so, he or she is negligent.

You must decide whether the defendant was negligent in any of these respects. If you find that (he) (she) was negligent in any of these respects, then you must determine whether the defendant's negligence was a substantial contributing factor in bringing about the plaintiff's injuries. If you so find, you may return a verdict in favor of the plaintiff and against the defendant.

**10.03B (CIV) LEGAL CAUSE—PHYSICIANS**

(a)     The defendant-physician is legally responsible or liable for the injuries suffered by his or her patient if the defendant's negligent conduct is a legal cause of those injuries.

In order for the negligent conduct to be a legal cause (proximate cause), that conduct must have been a substantial factor in bringing about the injuries in question.

If the injuries in question would have been sustained even if the physician had not been negligent, then the negligent conduct of the defendant-physician would not be a substantial factor in causing the injuries in question. Stated differently, the negligent conduct of the defendant is a substantial factor in causing the patient's injuries if those injuries would not have been sustained, had the physician not acted in a negligent manner.

(b)     When a defendant-physician negligently fails to act, or negligently delays in employing indicated diagnostic or therapeutic measures, and his or her negligence is a substantial contributing factor in causing injuries to the patient, the plaintiff does not have to prove to a certainty that proper care would have, as a medical fact, prevented the injuries in question. If a

11

defendant-physician's negligent action or inaction has effectively terminated the patient's chances of avoiding injuries, he or she may not raise conjectures as to the measure of the chances that he or she has put beyond the possibility of realization. If there was any substantial possibility of avoiding injuries and the defendant has destroyed that possibility, he or she is liable to the plaintiff.

A causal connection between the injuries suffered and the defendant's failure to exercise reasonable care may be proved by evidence that the risk of incurring those injuries was increased by the defendant's negligent conduct.

The law recognizes that it is rarely possible to demonstrate to an absolute certainty what would have happened in circumstances that the wrongdoer did not allow to come to pass.

### 10.05 (CIV)   RESPONDEAT SUPERIOR—PHYSICIANS

Physicians, like other persons, are subject to the law of agency. A physician who is a principal is responsible for the negligent acts of his agents. A person may be both the agent of a physician and an agent of a hospital.

[An operating surgeon is responsible for the negligent acts of all persons who assist him or her in the performance of the surgery.]

### 10.05A (CIV) HOSPITAL LIABILITY FOR INDEPENDENT CONTRACTOR

Despite the fact that a physician holds independent contractor status with respect to a hospital, he or she may nonetheless be an agent of the hospital with respect to a patient. To determine whether or not this is the case, you should consider whether the patient sought services from the hospital and not from the particular physician and whether the hospital "held out" the physician as its employee. If you find that the physician was an agent of the hospital with respect to the patient, then the hospital is responsible for the negligent acts of the physician.

### 20.00 (CIV)   CONCLUDING INSTRUCTIONS

I have now outlined for you the rules of law applicable to this case and the need for you to weigh the evidence and determine the facts. Upon the conclusion of my instructions you will retire to consider your verdict. You must determine the facts from all the testimony that you have heard and the other evidence which has been received during this trial. You are the sole and exclusive judges of the facts, and in that area neither I nor anyone else may infringe upon your responsibility. [Any comments I may have made as to my recollection of the evidence during the trial or in these instructions may be disregarded entirely by you if your recollection of the evidence is different than mine since you are the sole judges of the facts.]

On the other hand, and with equal emphasis, I instruct you that you must accept the rules of law as I have given them to you, and apply that law to the facts you have found.

The attitude and conduct of the jurors at the outset of their deliberations are matters of considerable importance. Upon retiring to the jury room your deliberations should begin and proceed in an orderly fashion. Your first order of business in the jury room will be to select one of you as foreman to preside over your deliberations. Usually, no. 1 juror acts as foreman but you are free to select any one of you to act as foreman. The foreman's vote is entitled to no greater weight than that of any other juror.

If in the course of your deliberations, you should find yourselves in serious doubt concerning some portion of my instructions to you on the law, it is your privilege to return to the courtroom for further instructions. In such event you would transmit a note to me, through the bailiff, signed by your foreman. No juror should attempt to communicate with the court by any means other than a signed writing, and the court will not communicate with any juror on any subject touching the merits of the case otherwise than in writing, or orally here in open court. You should not at any time reveal, even to the court, how the jury stands numerically until you have reached a verdict.

Your function—to reach a fair conclusion from the evidence and the applicable law—is an important one. Your verdict should be reached only after careful and thorough deliberation, in the course of which you should consult with each other, and discuss the evidence and reasonable inferences to be drawn therefrom, freely and fairly, in a sincere effort to arrive at a just verdict. It is your duty to consider the issues with a view toward reaching an agreement on a verdict, if you can do so without violating your individual judgment and your conscience. You must each decide the case for yourself, examining the issues and the evidence with candor and frankness, and with proper deference to and regard for the opinions of each other. Mature consideration requires that you be willing to reexamine your own views and to change your opinion if convinced that it lacks merit or validity. While maintaining this flexibility, you are not required to surrender your honest conviction as to the weight or effect of evidence solely because of another juror's opinion, or for the mere purpose of returning a verdict.

Your verdict must represent the jury's considered final judgment. While it is important that the views of each of the jurors be considered it is not necessary under the law of this commonwealth that your verdict be unanimous. By an act of the Pennsylvania legislature a verdict in a civil case rendered by at least five-sixths of the jury shall constitute the verdict of the jury and shall have the same effect as a unanimous verdict of the jury. Consequently, when after your deliberations at least _____ of your members have agreed upon a verdict, that decision shall constitute the verdict of the jury. You will then inform the bailiff that the jury has reached a verdict to that you can be returned to the courtroom to render your verdict.

     Keep in mind that the dispute between the parties is, for them, a most serious matter. They and the court rely upon you to give full and conscientious deliberation and consideration to the issues and evidence before you. You should not allow sympathy or prejudice to influence your deliberations. You should not be influenced by anything other than the law and the evidence of the case. All the parties stand equally before the court, and each is entitled to the same fair and impartial treatment at your hands.

Respectfully submitted,

Dated: _____

Richard Oare, Esquire
U.S. Dist. Ct. M. D. ID #02985
1776 South Queen Street
York, Pennsylvania  17403
(717) 846-3000

Dated: _____

Louis G. Close, III, Esquire
Louis G. Close, III, P.A.
22 West Pennsylvania Avenue, Suite 300
Towson, Maryland  21204
(410) 296-3606