44
2/20/03
SC

**McKISSOCK & HOFFMAN, P.C.**
By:  B. Craig Black, Esquire
I.D.  #36818
By:  Robert A. McDermott, Esquire
I.D.  #66724
2040 LINGLESTOWN ROAD
SUITE 302
HARRISBURG, PA  17110
(717) 540-3400

ATTORNEYS FOR DEFENDANTS
DAVID J. SALINGER, M.D. and KEYSTONE
ONCOLOGY, LLC

2 -t₂ CJ

| | |
|---|---|
| AMANDA BARGE and ARTHUR BARGE<br>Plaintiffs<br><br>v.<br><br>DAVID J. SALINGER, M.D., WILLIAM<br>YING, PH.D.,  KEYSTONE ONCOLOGY,<br>LLC, COMPREHENSIVE PHYSICS AND<br>REGULATORY SERVICES, LTD. and<br>EQUIMED, INCORPORATED<br>Defendants | IN THE UNITED STATES DISTRICT COURT<br>FOR THE MIDDLE DISTRICT OF<br>PENNSYLVANIA<br><br>NO.  1:CV-00-1881<br><br>CIVIL ACTION – LAW<br><br>JURY TRIAL DEMANDED |

FILED
HARRISBURG, PA
FEB 1 9 2003
D'ANDREA, CL
per

### DEFENDANT, DAVID J. SALINGER, M.D. AND KEYSTONE ONCOLOGY, LLC'S
### PROPOSED POINTS FOR CHARGE

Defendants, David J. Salinger, M.D. and Keystone Oncology, LLC, respectfully requests

that this Court instruct the jury on the following points of law as they are applicable under the

doctrine of law established in Erie Railroad v. Tompkins,. 304 U.S. 64, *cert denied*, 305 U.S.

639 (1938), regarding the application of the forum state's substantive law and are set forth in the

Pennsylvania Suggested Standard Civil Jury Instructions, modified to reflect the fact specific

circumstances of this case:

1.    Conflicting testimony - Pa.S.S.J.I. - 5.04;

2.    Damages consisting of only the following general charges and the specified sub-charges - Pa.S.S.J.I. – 6.00;6.01; 6.01A; 6.01B; 6.01C; 6.01E;6.01F;6.01G;6.01H; 6.01L ;

3.    Damages - life expectancy - Pa.S.S.J.I. - 6.21;

4.    Damages - Apportionment of Damages - 6.24;

5.    Professional negligence of physician - Definition - Pa.S.S.J.I. - 10.02;

6.    Standard of Care - Physician - Pa.S.S.J.I. - 10.03(A);

7.    Legal Cause - Physician - Pa.S.S.J.I. - 10.03(B); and

In addition to the above, Defendants requests the Court charge the jury with the following points of law:

## DEFENDANTS' POINT FOR CHARGE NO. 1

You are instructed that under all of the evidence and law applicable to this case you

must enter your verdict in favor of David J. Salinger, M.D., that he was  <u>not</u> negligent.


ACCEPTED _____

REJECTED _____

COVERED  _____

MODIFIED _____

DEFENDANTS' POINT FOR CHARGE NO. 2

In civil cases such as this one, the plaintiff has the burden of proving those contentions which entitle them to relief:

When a party has the burden of proof on a particular issue, his contention on that issue must be established by a fair preponderance of the evidence.  The evidence establishes a contention by a fair preponderance of the evidence if you are persuaded that it is more probably accurate and true than not.

To put it another way, think, if you will, of an ordinary balance scale, place all of the evidence favorable to the plaintiff on one side of the scale and then place all of the evidence favorable to the defendants on the other side of that scale.  If, after considering the considerable weight of the evidence, you feel that the scales tip, ever so slightly or to the slightest degree, in favor of the plaintiff, your verdict must be for the plaintiff.  If the scales tip in favor of the defendants, or are equally balanced, your verdict must be for the defendants.

In this case, to hold the Defendants, David J. Salinger, M.D., and Keystone Oncology , LLC.,  liable the Plaintiffs have the burden of proving by a preponderance of the evidence the following propositions:  that Dr. Salinger was negligent; that Dr. Salinger's negligence was a substantial factor in bringing about harm alleged by Plaintiff, and that Plaintiff sustained actual harm as a result of Dr. Salinger's actions.

If, after considering all of the evidence, you feel persuaded that theses propositions are more probably true than not true, your verdict should be for the Plaintiff.  Otherwise, your verdict must be for the Defendants, Dr. Salinger and Keystone Oncology, LLC.

PA.SSJI (Civ.) 5.50; Thompson v. Nason Hospital, 527 Pa. 330, 591 A.2d 703 (1991); Capan v. Divine Providence Hosp., 287 Pa. Super. 364, 430 A.2d 647 (1980).

ACCEPTED _____

REJECTED _____

COVERED _____

MODIFIED _____

DEFENDANTS' POINT FOR CHARGE NO. 3

The burden of proof is on the Plaintiff to establish that: (1) Dr. Salinger did not possess and employ the required skill and knowledge or (2) Dr. Salinger did not exercise the care and judgement of reasonable persons in like cases <u>and</u> that the injury complained of either (1) resulted from Dr. Salinger's failure to possess and employ the required skill and knowledge, or (2) resulted from Dr. Salinger's failure to exercise the care and judgement of reasonable persons in like circumstances.  <u>Collins v. Hand</u>, 431 Pa. 378, 274 A.2d 398 (1968); <u>Donaldson v. Maffucci</u>, 397 Pa. 548, 156 A.2d 835 (1959).

ACCEPTED _____

REJECTED _____

COVERED _____

MODIFIED _____

DEFENDANTS' POINT FOR CHARGE NO. 4

Dr. Salinger may not be found to be liable, even if he is found to be negligent, if his negligence was not a substantial factor in bringing about harm to Amanda Barge.  Similarly, if other causes would have produced the harm independent of Dr. Salinger's negligence, Dr. Salinger cannot be held liable.  Jones v. Montefiore Hospital, 494 Pa. 410, 431 A.2d 920 (1981); Majors v. Broadhead Hospital, 416 Pa. 273, 205 A.2d 873 (1965).

ACCEPTED _____

REJECTED _____

COVERED _____

MODIFIED _____

DEFENDANTS' POINT FOR CHARGE NO. 5

The Plaintiff is required to produce evidence that the conduct of Dr. Salinger has been a substantial factor in bringing about the harm that Amanda Barge has suffered, and to sustain this burden with proof by a preponderance of the evidence.  This means that Plaintiff must prove it is more likely than not that Dr. Salinger's actions or inactions were a substantial factor in bringing about the harm.  A mere possibility of such causation is not enough.  <u>Hamil v. Bashline</u>, 481, Pa. 256, 392 A.2d 1380 (1978). (footnote #9).

ACCEPTED _____

REJECTED _____

COVERED _____

MODIFIED _____

DEFENDANTS' POINT FOR CHARGE NO. 6

In order for the Plaintiff to recover in this action against the Defendants, the evidence that supports Plaintiff's claim must appeal to you as more nearly representing what took place than the evidence opposed to Plaintiff's claim.  If it does not, or if it weighs so evenly that you are unable to say that there is a preponderance on either side, you must find in favor of the Defendants.  It is only if the evidence favoring the Plaintiffs' claim against Defendants outweighs the evidence opposed to it, that you can find in favor of the Plaintiff.  Leizerowski v. Eastern Freight Ways, Inc., 514 F.2d 487 (3rd Cir. 1975);  Burch v. Reading Company, 240 F.2d 574 (3d Cir. 1967); Se-Ling Hosiery, Inc. v. Margulies, 364 Pa. 45, 70 A.2d 854 (1950).

ACCEPTED _____

REJECTED _____

COVERED _____

MODIFIED _____

DEFENDANTS' POINT FOR CHARGE 7

A physician, in treating a patient, does not guarantee a favorable result.  <u>Regan v. Steen</u>, 229 Pa. Super. 515, 331 A.2d 724 (1974); <u>Collins v. Hand</u>, 431 Pa. 378, 246 A.2d 398 (1968).


ACCEPTED _____

REJECTED _____

COVERED _____

MODIFIED _____

DEFENDANTS' POINT FOR CHARGE 8

The mere happening of an injury or the fact that treatment terminates in an unfortunate results does not prove negligence, nor does it raise an inference or presumption of negligence. Hamil v. Bashline, 481 Pa. 256, 392 A.2d 1280 (1978).  It is Plaintiff's burden to show with certainty that the Defendants' conduct was a substantial factor in bringing about the harm. O'Rourke v. Rao, 411 Pa. Super. 609, 602 A.2d 362 (1992).

ACCEPTED _____

REJECTED _____

COVERED _____

MODIFIED _____

DEFENDANTS' POINT FOR CHARGE NO. 9

Consequently, if you find that Dr. Salinger employed the skill, knowledge and care normally exercised by physicians in his treatment of Amanda Barge and yet, made an error, you must find in favor of Dr. Salinger.  Remly v. Plummer, 79 Pa. Super. 117 (1922); Duckworth v. Bennett, 320 Pa. 47, 181 A. 558, (1935).

ACCEPTED _____

REJECTED _____

COVERED _____

MODIFIED _____

DEFENDANTS' POINT FOR CHARGE NO. 10

You are not permitted to determine your verdict based on guesswork, speculation, conjecture, or sympathy for either party.  Engle v. Spino, 425 Pa. 254, 228 A.2d 745 (1967); Satovich v. Lee, 385 Pa. 133, 122 A.2d 212 (1956).  You are to perform your duties without bias or prejudice for or against any party.  You must not be governed by sympathy for, or prejudice against anyone, and you must use your common sense and mature judgment as members of this community.


ACCEPTED _____

REJECTED _____

COVERED _____

MODIFIED _____

DEFENDANTS' POINT FOR CHARGE NO. 11

The conduct of physicians must be judged solely upon the basis of the facts and circumstances that existed at the time that the care was rendered.  Incollingo v. Ewing, 444 Pa. 263, 282 A.2d 206, (1971);  Pratt v. Stein, 298 Pa. Super. 92, 444 A.2d 674 (1982).


ACCEPTED _____

REJECTED _____

COVERED _____

MODIFIED _____

DEFENDANTS' POINT FOR CHARGE NO. 12

I instruct you that, in general, the opinion of an expert has value only when you accept the facts upon which it is based.  This is true whether the facts are assumed hypothetically by the expert, come from his personal knowledge, from some other proper source or from some combination of these.  Jackson v. United States Pipe Line Co., 325 Pa. 436, 191 A. 165 (1937), quoted in Gordon v. State Farm Life Insurance Co., 415 Pa. 256, 203 A.2d 320 (1964).

ACCEPTED _____

REJECTED _____

COVERED _____

MODIFIED _____

DEFENDANTS' POINT FOR CHARGE NO. 13

If the expert has made it clear that his opinion is based on an assumption that a particular fact did or did not exist, and from the evidence you find that the expert's assumption was wrong and that it was a material fact, you should give no weight to the expert's opinion. Battistone v. Benedetti, 385 Pa. 163, 122 A.2d 536 (1956).

ACCEPTED _____

REJECTED _____

COVERED _____

MODIFIED _____

DEFENDANTS' POINT FOR CHARGE NO. 14

You are instructed that the Plaintiff in this case can only recover if credible expert testimony establishes to your satisfaction that there was a variance from acceptable medical practice by the Defendants and further the Plaintiff must establish that such conduct was the legal, or proximate cause of harm to the Plaintiff.  Donaldson v. Maffucci, 397 Pa. 548, 156 A.2d 835 (1969);  Collins v. Hand, 431 Pa. 378, 246 A.2d 398 (1968). If Plaintiff fails to produce any such expert testimony with respect to negligence or to causation, then Plaintiff is not entitled to recovery.


ACCEPTED _____

REJECTED _____

COVERED _____

MODIFIED _____

DEFENDANTS' POINT FOR CHARGE NO. 15

If you find that Dr. Salinger was negligent in some respect, and if you further conclude that such negligence was a substantial factor in causing harm to the Plaintiff, then and only then you are to consider the question of damages.  Dr Salinger is only responsible for those damages which are proven by a preponderance of the evidence to have actually resulted from his negligence.  Your verdict with respect to liability of the Dr. Salinger may not include any sum for pain, suffering, disability, or other element or damage which was not the result of Dr. Salinger's conduct.

ACCEPTED _____

REJECTED _____

COVERED _____

MODIFIED _____

DEFENDANTS' POINT FOR CHARGE NO. 16

The Plaintiff has the burden of proving each and every element of damages which Plaintiff is seeking.  It is not up to the Defendants to disprove an element of damage.  Kmiotek v. Anast, 350 Pa. 593, 39 A.2d 923 (1944).


ACCEPTED _____

REJECTED _____

COVERED _____

MODIFIED _____

DEFENDANTS' POINT FOR CHARGE NO. 17

The issue of whether or not the Plaintiff has really suffered or sustained any or all of the elements of the damage as claimed and whether any of the damages or elements of damage were actually caused by Dr. Salinger is for you, the jury, to decide.  Morgan v. Philadelphia Electric Co., 299 Pa. Super. 545, 445 A.2d 1263, 1265 (1982).

A jury is not required to award Plaintiff any amount of money for any particular item of damage claimed if the jury believes that the type of damages claimed to have been suffered by the Plaintiff was insignificant.  Under such circumstances, a jury has no duty to award money damages.  Holland v. Zelnick, 329 Pa. Super 469, 478 A.2d 885, (1984); Broadhead v. Brentwood Ornamental Iron Company, Inc., 435 Pa. 7, 255 A.2d 120 (1969).


ACCEPTED _____

REJECTED _____

COVERED  _____

MODIFIED _____

DEFENDANTS' POINT FOR CHARGE NO. 18

In order to prove special medical damages for personal injuries, a plaintiff is required to show: (1) the medical services were rendered, (2) what the reasonable charges are therefore, (3) that the services for which they were rendered were necessary, and (4) that they were related to the injury suffered. <u>Ratay v. Liu</u>, 215 Pa. Super. 547, 551, 260 A.2d 484, 486 (1969).

Charges for medical services and treatment rendered to Plaintiff must be reasonable and the services necessary. <u>Piwoz v. Lannacone</u>, 406 Pa. 588, 178 A.2d 707 (1962).

ACCEPTED _____

REJECTED _____

COVERED _____

MODIFIED _____

In addition to the hereinabove mentioned proposed Points for Charge, the Defendants respectfully reserves the right to submit supplemental Points for Charge depending upon the issues and evidence which may arise during the course of trial.

Respectfully submitted,

**McKissock & Hoffman, P.C.**

By: _____
B. Craig Black
Attorney I.D. No. 36818
Robert A. McDermott
Attorney I.D. No. 66724
2040 Linglestown Road; Suite 302
Harrisburg, PA 17110
(717) 540-3400

*Attorneys for Defendants,*
*David J. Salinger, M.D. and*
*Keystone Oncology, LLC*

Date: 2/19/03

## CERTIFICATE OF SERVICE

I hereby certify that I am this day serving a copy of the foregoing **Proposed Points for Charge**

**Submitted By David J. Salinger, M.D. And Keystone Oncology, LLC** upon the

person(s) and in the manner indicated below, which service satisfies the requirements

of FRCP 5(b), by depositing a copy of same in the United States Mail, first-class

postage prepaid, addressed as follows:

Richard Oare, Esquire
1434 South George Street
York, PA 17403
*(Counsel for Plaintiffs)*

Louis G. Close, III, Esquire
22 West Pennsylvania Avenue
Towson, MD 21204
*(Co-Counsel for Plaintiffs)*

Joseph A. Ricci, Esquire
Farrell & Ricci
4423 North Front Street
Harrisburg, PA 17110
*(Counsel for William Ying, Ph.D., Comprehensive Physics and
Regulatory Services, Ltd. and Equimed, Inc.)*

McKissock & Hoffman, P.C.

By: _____
B. Craig Black, Esquire
2040 Linglestown Road
Suite 302
Harrisburg, PA 17110
(717) 540-3400

*Attorneys for Defendants,
David J. Salinger, M.D. and
Keystone Oncology, LLC*

Dated: _2/19/03_