**McKISSOCK & HOFFMAN, P.C.**
By:  B. Craig Black, Esquire
I.D.  #36818
By:  Robert A. McDermott, Esquire
I.D.  #66724
2040 LINGLESTOWN ROAD
SUITE 302
HARRISBURG, PA  17110
(717) 540-3400

ATTORNEYS FOR DEFENDANTS
DAVID J. SALINGER, M.D. and KEYSTONE ONCOLOGY, LLC

| | |
|---|---|
| AMANDA BARGE and ARTHUR BARGE<br>Plaintiffs<br><br>v.<br><br>DAVID J. SALINGER, M.D., WILLIAM YING, PH.D.,  KEYSTONE ONCOLOGY, LLC, COMPREHENSIVE PHYSICS AND REGULATORY SERVICES, LTD. and EQUIMED, INCORPORATED<br>Defendants | IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA<br><br>NO.  1:CV-00-1881<br><br>CIVIL ACTION – LAW<br><br>JURY TRIAL DEMANDED |

FILED
HARRISBURG, PA
FEB 1 9 2003

## PROPOSED VOIR DIRE QUESTIONS
### FOR SUBMISSION TO VENIRE SUBMITTED BY DAVID J. SALINGER, M.D. and KEYSTONE ONCOLOGY, LLC

AND NOW, this ___19th___ day of ___February___, 2003, comes the Defendants, David J. Salinger, M.D. and Keystone Oncology, LLC and files this statement of Proposed Voir Dire Questions for submission to the Venire in the above-captioned matter:

1. Ladies and Gentlemen, the purpose of this Voir Dire examination is to secure a jury that can fairly try the issues between the parties concerned without letting personal background, experience or biases taint the verdict.  B. Craig Black, Esquire and Robert A. McDermott, Esquire, are counsel for Defendants David J. Salinger, M.D. and Keystone Oncology, LLC . To the best of your knowledge do any of you, members of your family, relatives or friends personally know Mr. Black or Mr. McDermott?

2. Mr. Black and Mr. McDermott are affiliated with the law firm of McKissock & Hoffman, P.C.. Have any of you, a member of your family, relatives or friends ever obtained legal services from the law firm of McKissock & Hoffman, P.C., or have any of you had any involvement whatsoever with the law firm of McKissock & Hoffman, P.C.?

3. To the best of your knowledge have any of you, a member of your family, relative or friend ever been employed by the law offices of McKissock & Hoffman, P.C.?

4. Joseph Ricci, Esquire, is counsel for Defendants William Ying, PhD and Comprehensive Physics and Regulatory Services, Inc. To the best of your knowledge do any of you, members of your family, relatives or friends personally know Mr. Ricci?

5. Mr. Ricci is affiliated with the law firm of Farrell and Ricci, P.C. To the best of your knowledge have any of you, members of your family, relatives or friends ever obtained legal services from Farrell and Ricci, P.C., or have any of you had any involvement whatsoever with the law firm of Farrell and Ricci, P.C.?

6. To the best of your knowledge have any of you, a member of your family, relative or friend ever been employed by the law offices of Farrell and Ricci, P.C.?

7. Louis G. Close, III, Esquire, and Richard Oare, Esquire are counsel for the Plaintiffs, Amanda and Arthur Barge To the best of your knowledge do any of you, members of your family, relatives or friends personally know Mr. Close or Mr. Oare?

8. To the best of your knowledge have any of you, members of your family, relatives or friends ever obtained legal services from Mr. Close or Mr. Oare, or have any of you had any involvement whatsoever with anyone associated with Mr. Close or Mr. Oare?

9. Have any of you, members of your family, relatives or friends ever been employed by Mr. Close or Mr. Oare?

10. Do any of you, members of your family, relatives or friends know ? David J. Salinger, M.D.? Have you or any members of your family ever been employed by Dr Salinger or by Keystone Oncology, LLC?

11.   Have any of you, a member of your family, relatives or friends sought care or treatment from Dr. Salinger or Keystone Oncology, LLC.?

12.   Do any of you, members of your family, relatives or friends know William Ying, Ph.D.? Have you or any members of your family ever been employed by Dr. Ying or Comprehensive Physics and Regulatory Services, Inc.?

13.   The Plaintiffs in this matter are Amanda and Arthur Barge. Mr. and Mrs. Barge currently reside at 3100 Coachman Way, Westminister, Maryland. Do any of you know Mr. and/or Mrs. Barge?

14.   Along with the care and/or treatment provided by Dr. Salinger, Mrs. Barge sought care from the following physicians:

>   Marilyn Miller, M.D.;
>   Lesley Wong, M.D.;
>   Lawrence Feldman, M.D.;
>   D.V. Faustino, M.D.
>   Paul Manson, M.D.

To the best of your knowledge have any of you, members of your family, relatives or friends ever been treated or have had care rendered by any of these physicians?

15.   Would the experience of any treatment rendered to you or a member of your family or friend at any hospital or by any physician make it difficult for you to render a verdict for such physician if the facts and law warranted such result?

16.   Have any of you, members of your family, relatives, or friends ever been treated for any form of cancer or injuries or any other diseases or conditions associated with cancer?

17.   Have any of you, members of your family, relatives, or friends ever been treated for skin cancer, specifically a basal cell carcinoma?

18. Have any of you, members of your family, relatives or friends ever been involved in a claim for a personal injury either pursuing a claim or as the subject of a claim?

19. Have any of you, members of your family, relatives or friends ever been a Plaintiff in a law suit that involved an allegation of negligence or carelessness by a physician?

20. The following expert witnesses may testify during the trial of this proceeding;

>   Robert K. Brookland, M.D.;
>   James Rodgers, PhD;
>   Paul Manson, M.D.;
>   Stephen Seibert, M.D.;
>   Walter J. Curran, Jr. M.D.;
>   Indra Das, Ph.D.;
>   Donald E. Velkley, Ph.D.

Do any of you personally know or have any of you treated or been under the care of any of these physicians or individuals?

21. This case involves a claim of alleged medical malpractice wherein Mr. and Mrs. Barge claim that Mrs. Barge was subjected to excessive radiation therapy for treatment of recurrent basal cell carcinoma manifest on the right upper lip. Mr. and Mrs. Barge claim that Dr. Salinger was negligent in failing to timely recognize that Mrs. Barge was receiving excessive dosage of radiation and that Dr. Ying was negligent in his performance of calibration and certification of the superficial radiation unit that was utilized to render the treatment for Mrs. Barge. Additionally, Mr. and Mrs. Barge claim that Keystone Oncology, LLC, as the owner of the radiation treatment unit and as the employer of Dr. Salinger, is vicariously liable for the Plaintiffs' damages and that Comprehensive Physics and Regulatory Services, Ltd., as the employer of Dr. Ying, is vicariously liable for the Plaintiffs' damages. Mr. and Mrs. Barge allege that, due to the negligence of Dr. Salinger and Dr. Ying, Mrs. Barge sustained a full thickness burn in the area of the right upper lip and face, was required to undergo medical treatment and

surgeries for her injuries, will require future medical care, sustained loss of wages, permanent bodily disfigurement, physical pain and emotional distress. Do all of you understand that claims of this nature are not to be decided upon the basis of sympathy for either Mr. and Mrs. Barge and/or Drs. Ying and Salinger and their employers, but must be decided on the basis of the evidence presented in Court and the law as given to you by the Court.

22.	In other words, do all of you understand that if you were to decide this case on the basis of sympathy, you would violate your duty as jurors?

23.	Is there anyone, either because of something which has occurred to you or to a member of your family or close friend, who feel that you could not fairly sit as a juror in a case involving allegations of medical negligence or malpractice against a doctor?

24.	In other words, is there anyone who, because of either prejudice, sympathy, or some other basis could not be fair and impartial, not only to Mr. and Mrs. Barge, but also to Dr. Salinger and Dr. Ying as well? Please be candid with me and advise me at this time if you feel that you could not be fair and impartial.

25.	Is there anyone among you who, for whatever reason, has already prejudged or formed an opinion regarding Mr. and Mrs. Barge's claim?

26.	Is there anyone among you who would be unwilling or unable to refrain from forming an opinion until you hear all of the evidence, both from Plaintiffs and from the Defendants concerning the care and treatment which was rendered to Mrs. Barge and the circumstances thereof?

27.	Would anyone among you find it difficult to keep an open mind concerning all of the issues in this case until all testimony and evidence is heard and until I charge you concerning the law which you are to apply in this case?

28.	Do all of you understand that, under the law, Dr. Salinger has a right to defend this case in open Court?

29.  Do each of you understand that merely because Dr. Salinger, has elected to defend this action that the exercise of this right does not mean that he does have sympathy for Mr. and Mrs. Barge?

30.  Do any of you feel, merely because Dr. Salinger has been named in this lawsuit, that he must have done something wrong?

31.  Is there anyone among you who believes that because Mr. and Mrs. Barge filed a lawsuit that they are thereby entitled to received money?

32.  Have any of you or members of your immediate family or friends studied to become a medical physician, nurse, pharmacist, dentist, medical technician, paramedic or other health care provider?  If so, please provide specific information regarding this inquiry.

33. Do any of you have any health problems, medication or substance needs, family demands or job restrictions which would prevent you from being an involved and reliable juror during the trial of this case?

34. Is there anyone among you who would feel that becoming involved as a juror in this case would work a substantial hardship upon you? If so, please explain.

35. Would each of you be able to follow the law as given to you even though you felt it would be wrong or if you disagreed with the principles of law stated by the Court?

36. Have any of you, at any time in the past, sat as a juror or been a member of a jury in a civil case? If so, when? Please describe the type of case in which you participated as a juror.

37. Have any of you, at any time in the past, sat as a juror or been a member of a jury in a criminal case? If so, when? Please describe the type of case in which you participated as a juror.

38. Do any of you know of any reason why you would be unable to sit fairly and impartially as a juror in this case? If so please explain.

39. Individual questions to be asked of each individual juror:

    a) Please state your age;

    b) Please state your marital status;

    c) Please state your occupation and your employer;

    d) If you are married, please state your spouse's occupation;

    e) Do you have any children; if so ages and occupations if emancipated.

    f) If you are retired please state your occupation and employer when you were last employed;

    g) Please state your address and the length of the time that you have resided in this location;

    h)    Please state the level of your educational attainment and any degrees you have received, including your major field of study;

    i)    Have you received any vocational or technical training or schooling other than what you have just identified?

    j)    Does any aspect of your job or employment involve processing claims by injured individuals;

    k)    Do you have any preconceived beliefs about people who make claims for injuries which would prevent you from entering a fair and impartial verdict in this case;

    l)    Do you have any preconceived beliefs about individuals who elect to defend against a claim in open Court which would prevent you from entering a fair and impartial verdict in this case?

    m)    Do any of you, as part of your job or employment, have activities which involve reviewing or processing medical records or medical reports.

40.    This trial is expected to last approximately four (4) or five (5) days. Do any of you feel that the estimated length of the trial will unreasonably interfere with your personal affairs in a manner which will make it difficult for you to listen carefully throughout all of the evidence and the law and to render a fair and impartial verdict after deliberation with your fellow jurors?

41.    Is there anything in your background or conscience which would prevent you from evaluating the facts of this case without sympathy and without prejudice?

42.    Is there anyone who, for whatever reasons, feels that they could not render a fair and impartial verdict?

Respectfully submitted,

McKissock & Hoffman, P.C.

BY: *[signature]*
B. Craig Black
Pa. Attorney I.D. No. 36818
Robert A. McDermott
Pa. Attorney I.D. No. 66724
2040 Linglestown Road; Suite 302
Harrisburg, PA 17110

*Attorneys for Defendants,
David Salinger, M.D. and
Keystone Oncology, LLC, d/b/a
Heritage Hills Oncology Center*

Date: 2/19/03

## CERTIFICATE OF SERVICE

I hereby certify that I am this day serving a copy of the foregoing **Proposed Voir Dire Questions For Submission To Venire Submitted By David J. Salinger, M.D. And Keystone Oncology, LLC** upon the person(s) and in the manner indicated below, which service satisfies the requirements of FRCP 5(b), by depositing a copy of same in the United States Mail, first-class postage prepaid, addressed as follows:

Richard Oare, Esquire
1434 South George Street
York, PA 17403
*(Counsel for Plaintiffs)*

Louis G. Close, III, Esquire
22 West Pennsylvania Avenue
Towson, MD 21204
*(Co-Counsel for Plaintiffs)*

Joseph A. Ricci, Esquire
Farrell & Ricci
4423 North Front Street
Harrisburg, PA 17110
*(Counsel for William Ying, Ph.D., Comprehensive Physics and
Regulatory Services, Ltd. and Equimed, Inc.)*

McKissock & Hoffman, P.C.

By: _____
B. Craig Black, Esquire
2040 Linglestown Road
Suite 302
Harrisburg, PA 17110
(717) 540-3400

Attorneys for Defendants, David J. Salinger, M.D.
and Keystone Oncology, LLC

Dated: 2/19/03