2hper

# ORIGINAL

FILED
HARRISBURG, PA

MAR 5 2003

MARY E. D'ANDREA, CLERK
Per _____
     Deputy Clerk

| | |
|---|---|
| **McKISSOCK & HOFFMAN, P.C.**<br>By:  B. Craig Black, Esquire<br>I.D.  #36818<br>By:  Robert A. McDermott, Esquire<br>I.D.  #66724<br>2040 LINGLESTOWN ROAD<br>SUITE 302<br>HARRISBURG, PA 17110<br>(717) 540-3400 | ATTORNEYS FOR DEFENDANTS<br>DAVID J. SALINGER, M.D. and KEYSTONE ONCOLOGY, LLC |
| AMANDA BARGE and ARTHUR BARGE<br>                                    Plaintiffs<br><br>v.<br><br>DAVID J. SALINGER, M.D., WILLIAM YING, PH.D., KEYSTONE ONCOLOGY, LLC, COMPREHENSIVE PHYSICS AND REGULATORY SERVICES, LTD. and EQUIMED, INCORPORATED<br>                                    Defendants | IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA<br><br>NO. 1:CV-00-1881<br><br>CIVIL ACTION – LAW<br><br>JURY TRIAL DEMANDED<br><br>Judge Rambo |

## TRIAL BRIEF OF DEFENDANTS, DAVID J. SALINGER, M.D. AND KEYSTONE ONCOLOGY, LLC. PURSUANT TO LOCAL RULE 39.7

AND NOW, this 5th day of March, 2003, comes Defendants, David J. Salinger, M.D. and Keystone Oncology, LLC, by and through their attorneys, McKissock & Hoffman, P.C., and file this Trial Brief pursuant to Local Rule 39.7.

I.  **STATEMENT OF FACTUAL HISTORY**

Plaintiff, Amanda Barge was diagnosed with a recurrent basal cell carcinoma on her right upper lip. After two prior attempts to treat the cancer with cryotherapy, Plaintiff was referred to the Heritage Hills Oncology Center and Dr. Salinger for radiation therapy. Approximately one month prior to Mrs. Barge's treatment, the Oncology Center had acquired a used superficial radiation unit which would be used in the irradiation of Plaintiff's cancer. The machine was calibrated for use by Defendant, William Ying, Ph.D. Dr. Ying produced pre-prepared dosage calculation forms for Dr. Salinger to use in determining the correct amount of time to reach the desired output for each radiation therapy session up to the dose prescribed for the entire treatment.

Plaintiff contends that she started noticing changes to her lip immediately following the first treatment. Dr. Salinger's specifically denies observing any such immediate changes and his treatment records do not reflect any alarming changes consistent with the Plaintiff's testimony. After Mrs. Barge received about eleven (11) treatments, it was determined that she was receiving doses of radiation higher than Dr. Salinger had prescribed. Subsequent testing of the superficial radiation unit indicated that the amount of radiation may have been as much as 5 times greater than what was initially believed. Plaintiff sustained a full thickness burn to the upper portion of her right lip and has undergone several surgeries to attempt to repair this damage and reconstruct the lip.

As respects Dr. Salinger, Plaintiffs primary contention is that Dr. Salinger failed to comport with requisite standards of care in failing to timely recognize that the reported symptomology resulted from the administration of excess radiation to Mrs. Barge. Plaintiffs further contend that, had Dr. Salinger related the symptomology to excessive radiation administration, that he should have and would have terminated further treatments before a significant degree of injury was sustained by Plaintiff.

As respects Defendant, Keystone Oncology, Inc., Plaintiffs claim that Keystone is vicariously liable for the actions or inactions of Dr. Salinger, i.e.... that Dr. Salinger was an agent of Keystone and was acting within the course and scope of the principle's business at the time he was rendering professional services to Mrs. Barge.

II. **STATEMENT OF QUESTIONS INVOLVED**

    A.    Whether David J. Salinger, M.D. deviated from the applicable standard of care in his treatment and care of the Plaintiff, Amanda Barge?

    B.    Whether any deviation in the standard of care employed by David J. Salinger, M.D. (which alleged deviation is expressly denied) was a substantial factor in any injury alleged to have been sustained by the Plaintiff, Amanda Barge?

    C.    If David J. Salinger, M.D. is found to be liable to Plaintiff Amanda Barge (which alleged liability is expressly denied) what is the appropriate measure of damages to which the Plaintiffs are entitled to for the alleged negligence (which alleged negligence is expressly denied)?

III. **ARGUMENT**

*APPLICATION OF PENNSYLVANIA SUBSTANTIVE LAW*

This Court has jurisdiction via diversity of citizenship, pursuant to 28 U.S.C. 1332(a). A federal court sitting in diversity jurisdiction shall apply the substantive law of the state with the most significant contact to the proceeding. Erie Railroad v. Tompkins,. 304 U.S. 64, *cert denied*, 305 U.S. 639 (1938).

Accordingly, since the tort actions alleged in Plaintiffs' Complaint occurred in Pennsylvania, the Plaintiffs were residents of the State of Maryland at the time of the occurrence, and the Defendants were Pennsylvania citizens at the time of the occurrence, there should be little dispute that this Honorable Court should apply the substantive law of the Commonwealth of Pennsylvania in the adjudication of this matter.

*STANDARD OF CARE*

Under Pennsylvania law, a physician is required to possess and employ the skill and knowledge usually possessed by his peers in the diagnosis and treatment of his patients. Smith v. Yohe, 194 A.2d 167 (Pa. 1963). A physician is not the guarantor of the success of his treatment, but is required to exercise due care under the circumstances. Donaldson v. Maffucci, 153 A.2d 835 (Pa. 1959). A physician is not responsible for an unfortunate result in the absence of negligence. Hamil v. Bashline, 392 A.2d 1280 (Pa. 1978).

The plaintiff in a malpractice action must prove either that the physician did not possess or employ the required skill or knowledge, or that he did not exercise the care and judgement of a reasonable person in like cases. Additionally, the injury complained of must have resulted from either the failure on the part of the physician to possess or employ the required skill or knowledge, or to exercise the care and judgement of a reasonable person in like circumstances. Grubb v. Albert Einstein Medical Center, 387 A.2d 480 (Pa. Super. 1978).

To establish a prima facie case of medical malpractice, a plaintiff must show:

(1) a duty owed by the physician to the patient;

(2) a breach of duty from the physician to the patient;

(3) that the breach of duty was the proximate cause of, or a substantial factor in, bringing about the harm suffered by the patient; and

(4) damages suffered by the patient that were a direct result of the harm.

Mitzelfelt v. Kamrin, 526 Pa. 54, 584 A.2d 888, 891 (1990).

In recognition that the practice of medicine is a profession requiring knowledge and expertise beyond the acumen of a lay person, a plaintiff must present:

> an expert witness who will testify "to a reasonable degree of medical certainty, that the acts of the [defendant] physician deviated from good and acceptable standards".

Maurer v. Trustees of Univ. of Pa., 418 Pa. Super. 510, 516, 614 A.2d 754, 757, (1992), alloc. granted. 534 Pa. 640, 626 A.2d 1158 (1993), discontinued by appellant, (*quoting:* Mitzelfelt v. Kamrin, 526 Pa. 54, 62, 584 A.2d 888, 892).

Although Pennsylvania courts have "phrased this requirement in a variety of ways,"[1] the necessity of expert testimony as to the standard of care nonetheless remains an integral element of a prima facie case of medical malpractice. The only exception to this rule applies

---

[1] Various phraseologies employed by the courts are: "acceptable medical practice," Id. (quoting Brannan v. Lankenau Hospital, 490 Pa. 588, 595, 417 A.2d 196, 199 (1980)); "a requisite standard of care," Id. (quoting Strain v. Ferroni, 405 Pa. Super. 349, 357, 592 A.2d 698, 703 (1991); a "standard of reasonable medical care," Id. (quoting Lira v. Albert Einstein Medical Center, 384 Pa. Super. 503, 509, 559 A.2d 550, 552 (1989), alloc. denied, 527 A.2d 1302 (1990)); and "standards of reasonable medical practice," Id. (quoting Corbett v. Weisband, 380 Pa. Super. 292, 301-2, 551 A.2d 1059, 1064 (1988)). alloc. denied, ____ Pa. Super. ____, 569 A.2d 1367, alloc. denied, Pa. Super. _____ 571, A.2d 383 (1989).

when "the matter in dispute is so simple and the lack of skill or want of care so obvious as to be comprehensible by lay persons." Id. at 757, n.2. See also Jones v. Harrisburg Polyclinic Hospital, 496 Pa. 465, 437 A.2d 1134 (1981)(a plaintiff in a medical malpractice claim based upon res ipsa loquitur may still need to provide expert testimony if there is "no fund of common knowledge" from which a layman can reasonably draw the inference or conclusion of negligence). In Hoffman v. Mogil, 445 Pa. Super. 252, 665 A.2d 478 (1995), alloc. denied, 546 Pa. 666, 685 A.2d 546, (1996), our Superior Court held that "expert testimony is necessary to prove that a physician's care is substandard because, absent guidance of an expert, jurors are unable to make a decision with sufficient certainty so as to enable them to make legal judgments." Id. at 480.

In this case, Dr. Salinger has identified Walter J. Curran, M.D. as an expert witness. Dr. Curran will testify that Dr. Salinger acted within the appropriate standard of care in his care and treatment of Plaintiff, Amanda Barge, generally, and that the alleged symptoms and reactions that Plaintiff reportedly experienced were all within the range of reported and potential patient reactions for the type treatment received. A copy of Dr. Curran's Expert Report and Curriculum Vitae, produced in accordance with F.R.C.P. 26, is attached to this Trial Brief as Exhibit "A".

Dr. Salinger has also identified Indra Das, Ph.D. as an expert witness. Dr. Das is a medical physicist at the University of Pennsylvania Hospital. He will opine that Dr. Salinger properly relied upon the certification and calibration of the superficial radiation unit utilized in the treatment of Amanda Barge, and that the cause of the radiation over-exposure to Mrs. Barge resulted from the failure of co-defendant, Dr. Ying to properly analyze and calibrate the radiation unit. A copy of Dr. Das' Expert Report and Curriculum Vitae, produced in accordance with F.R.C.P. 26, is attached to this Trial Brief as Exhibit "B".

## CAUSATION

It is the well settled law in Pennsylvania that in order to establish a *prima facie* case of negligence, Plaintiff must prove that his injuries were proximately caused by the negligent conduct of the alleged tortfeasor. Flickinger Estate v. Ritsky, 452 Pa. 69, 305 A.2d 40 (1973). Liability may not be imposed merely upon proof of negligent conduct by the tortfeasor, but rather hinges upon Plaintiff's ability to prove a causal nexus between the negligent conduct and the Plaintiff's asserted injury. Hamil v. Bashline, 481 Pa. 256, 392 A.2d 1280 (1978); *Accord*:

<u>Maurer v. Trustees of the University of Pennsylvania</u>, 418 Pa. Super. 510, 614 A.2d 754 (1992), <u>appeal granted</u>, 626 A.2d 1158 (1993).

In order to establish proximate cause, the Plaintiff has the burden of establishing with a "reasonable degree of medical certainty" that the injury in question resulted from the negligent act alleged. <u>McMahon v. Young</u>, 442 Pa. 484, 276 A.2d 534 (1971). Plaintiff must establish through expert testimony the "reasonable certainty" requirement and the inability of the Plaintiff to produce such a causal nexus with a reasonable degree of medical certainty is fatal to Plaintiff's ability to succeed. This need for a degree of certainty has been endorsed by the Pennsylvania Supreme Court in <u>Churilla v. Barner</u>, 269 Pa. Super. 100, 409 A.2d 83 (1979), where the Court noted that the "the plaintiff must produce evidence to support his version of the incident; theories as to what may have transpired...may not be employed as a substitute for such evidence." <u>Id.</u> at 85 (citations omitted).

Where Plaintiff's proof consists of nothing more that a mere inference that there is, or may be, a causal connection between an alleged act or omission of the Defendant and the Plaintiff's injuries, such proof is legally deficient. "The mere fact that an accident occurred does not give rise to an inference that the injured person was a victim of negligence." <u>Swift v. Northeastern Hosp. of Phil.</u>, 456 Pa. Super. 330, 335, 690 A.2d 719, 722 (1997) (<u>quoting</u> <u>Pitt. Nat'l. Bank v. Perr</u>, 431 Pa. Super. 580, 584, 637 A.2d 334, 336 (1994)).

Once a plaintiff has produced expert testimony that the injury in question did, with a "reasonable degree of medical certainty", result from the negligent act alleged, the plaintiff must then satisfy his burden of persuasion. The plaintiff has the burden of persuading the jury that the plaintiff's injuries were in fact caused by the physician's negligent conduct. <u>Hamil</u>, supra. Causation is the triggering mechanism for the imposition of liability in tort and absent proof of a casual nexus, a *prima facie* case fails.

There is no real dispute that Mrs. Barge suffered a radiation induced burn to the area of her right upper lip that received treatment. Liability and the extent of damages are, however, in dispute.

## *DAMAGES*

In determining whether to award economic damages, the jury must base its decision on evidence presented at trial. To recover economic damages, the "plaintiff must establish that [their] economic horizon has been shortened." Kearns v. Clark, 493 A.2d 1358, 1364 (Pa. Super. 1985); quoting O'Malley v. Peerless Petroleum, Inc., 423 A.2d 1251, 1255 (Pa. Super. 1980). In order to do so, a plaintiff must present evidence that is "legally sufficient [to afford] the fact finder 'a reasonably fair basis for calculation'." Fish v. Gosnell, 463 A.2d 1042, 1051 (Pa. Super. 1983); quoting Kaczkowski v. Bolubasz, 421 A.2d 1027, 1030, (Pa. 1980). The Plaintiff is not "entitled to have mere conjecture, either in the witness box or jury room, accepted as proof" of a claim for economic damages. Baccare v. Mennella, 369 A.2d 806, 808 (Pa. Super. 1976); quoting Rice v. Hill, 172 A. 289 (Pa. 1934); *accord:* Hoffman v. Sterling Drug, Inc., 458 F.2d 132 (3d Cir. 1973).

Plaintiffs' proof of special damages consist of medical bills and lost wages incurred by Mrs. Barge allegedly resultant from the injuries sustained. To the extent that Plaintiff seeks the admission of past medical bills, said bills are limited to the amount paid by Mrs. Barge's health insurer and accepted as payment in full by the provider. See: Morehead v. Crozer Chester Medical Center, 564 Pa. 156, 765 A.2d 786 (2001).

Additionally, any verdict entered in favor of Plaintiffs must be molded to take into account the non-duplication of recovery provisions of 40 P.S. §991.1817. This section provides, in pertinent part:

> (a) Any person having a claim under an insurance policy shall be required to exhaust first his right under such policy. For purposes of this section, a claim under an insurance policy shall include a claim under any kind of insurance, whether it is a first-party or third –party claim, and shall include, without limitation, accident and health insurance, worker's compensation, Blue Cross and Blue Shield and all other coverages except for policies of an insolvent insurer. Any amount payable on a covered claim under this act shall be reduced by the amount of any recovery under other insurance.

This statutory provision requires the reduction of any award to Plaintiffs by the amount of medical bills paid by third party health insurance.

## CONCLUSION

Defendant David J. Salinger, M.D., respectfully submits the foregoing Trial Brief to this Honorable Court in accordance with Local Rule 39.7, and respectfully submits that Plaintiff will be unable to sustain their burden of proof in establishing a deviation in the applicable standard of care, causation or an entitlement to damages against Dr. Salinger.

Respectfully submitted,

McKISSOCK & HOFFMAN

By _____
B. Craig Black, Esquire
Attorney I.D. No. 36818
2040 Linglestown Road;
Suite 302
Harrisburg, PA 17110
(717) 540-3400

Date: 3-5-03

## CERTIFICATE OF SERVICE

I hereby certify that I am this day serving a copy of the foregoing Trial Brief of David J. Salinger, M.D. and Keystone Oncology, LLC. upon the person(s) and in the manner indicated below, which service satisfies the requirements of FRCP 5(b), by depositing a copy of same in the United States Mail, first-class postage prepaid, addressed as follows:

Richard Oare, Esquire
1434 South George Street
York, PA 17403
*(Counsel for Plaintiffs)*

Louis G. Close, III, Esquire
22 West Pennsylvania Avenue
Towson, MD 21204
*(Co-Counsel for Plaintiffs)*

Joseph A. Ricci, Esquire
Farrell & Ricci
4423 North Front Street
Harrisburg, PA 17110
*(Counsel for William Ying, Ph.D., Comprehensive Physics and Regulatory Services, Ltd.)*

McKissock & Hoffman, P.C.

By: _____
B. Craig Black, Esquire
2040 Linglestown Road
Suite 302
Harrisburg, PA 17110
(717) 540-3400

Attorneys for Defendants, David J. Salinger, M.D. and Keystone Oncology, LLC

Dated: 3-5-03