# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

AMANDA BARGE, et ux.,                    *    NO.   1:00-CV-1881

      Plaintiffs                            *

v.                                       *    CIVIL ACTION - LAW

DAVID J. SALINGER, M.D., et al.,         *

      Defendants                            *    JURY TRIAL DEMANDED

                                         *

*FILED*
*HARRISBURG*
*APR 2 5 2003*
*MARY E. D'ANDREA, CLERK*
*Deputy Clerk*

*Revised*

## PLAINTIFFS PROPOSED JURY INSTRUCTIONS

**2.10**     **ADMISSIONS OF FACT**
**(PLEADINGS, ANSWERS TO INTERROGATORIES OR REQUESTS
FOR ADMISSIONS, DEPOSITIONS, STATEMENTS)**

     The admission(s) of fact made by the [agent of the] (defendant) (plaintiff) in the answer to the complaint [or other pleading, document, statement, testimony] (has) (have) been offered by the (plaintiff) (defendant) and received in evidence.  The (defendant)(plaintiff) is bound by (this)(these) admission(s).

**2.19**     **EXHIBITS**

     The exhibits which have been identified and received in evidence are now being shown to you for your careful examination, without discussion at this time, to aid you in understanding the testimony.

**2.20**     **(IMPEACHMENT) (CORROBORATION) OF WITNESS BY PRIOR
(INCONSISTENT)(CONSISTENT) STATEMENT**

*First alternative – inconsistent statement*
     The evidence you have heard, that the witness made an earlier statement inconsistent with (his)(her) testimony at this trial, has been admitted not only to aid you in evaluating the credibility of that witness but may also be considered as substantive evidence of the truth of the contents of the statement bearing upon the fact at issue.

**2.21**     **IMPEACHMENT OF A PARTY, OR A PARTY'S OWN WITNESS**

     The evidence that the (plaintiff)(defendant) made an earlier statement (inconsistent)(consistent) with (his)(her) testimony at this trial may be considered by you not

1

only in your evaluation of that party's credibility but also as evidence of the truth of the contents of the statement bearing upon the facts in issue.

## 4.00    AGENCY--DEFINITIONS (Vicarious Liability)

Agency is a relationship that exists when one person, called (a principal) (an employer) obtains another person, called (an agent) (an employee) to perform services for him or her and to act on his or her behalf, but subject to the (principal's) (employer's) right of control, and the (agent) (employee) consents to act in that manner. It is the right to control that is conclusive and if such right exists, even though not exercised, the relation of principal and agent may be found to be present.

The (principal) (employer) is liable to third persons for the wrongful conduct of his or her (agent) (employee) performed in furthering the interests, activities, affairs, or business of the (principal) (employer), if the (agent) (employee) himself or herself is liable.

The plaintiff claims that the defendant, Dr. Ying, was the (agent) (employee) of the other defendant Keystone Oncology, LLC, which the latter acknowledges. It is for you to determine from all of the evidence received in this case the nature of the relationship then and there existing between these defendants.

## 5.03    NUMBER OF WITNESSES

The number of witnesses offered by one side or the other does not, in itself, determine the weight of the evidence. It is a factor, but only one of many factors which you should consider. Whether the witnesses appear to be biased or unbiased; whether they are interested or disinterested person, are among the important factors which go to the reliability of their testimony. The important thing is the quality of the testimony of each witness. In short, the test is not which side bring the greater number of witnesses or presents the greater quantity of evidence; but which witness or witnesses, and which evidence, you consider most worthy of belief. Even the testimony of one witness may outweigh that of many, if you have reason to believe his testimony in preference to their. Obviously, however, where the testimony of the witnesses appear to be you to be of the same quality, the weight of numbers assumes particular significance.

## 5.04    CONFLICTING TESTIMONY

You may find inconsistencies in the evidence. Even actual contradictions in the testimony of witnesses do not necessarily mean that any witness has been willfully false. Poor memory is not uncommon. Sometimes a witness forgets; sometimes he remembers incorrectly. It is also true that two persons witnesses an incident may see or hear it differently.

If different parts of the testimony of any witness or witnesses appear to be inconsistent, you the jury should try to reconcile the conflicting statements, whether of the same or of different witnesses, and you should do so if it can be done fairly and satisfactorily.

2

If, however, you decide that there is a genuine and irreconcilable conflict of testimony, it is your function and duty to determine which, if any, of the contradictory statements you will believe.

## 5.07   CIRCUMSTANTIAL EVIDENCE

In this case you have heard what the law calls circumstantial evidence. Circumstantial evidence consists of proof of facts, or circumstances, from which it is reasonable to infer the existence of another fact. You may consider circumstantial evidence and you should, give it whatever weight you believe it deserves.

## 5.30   EXPERT TESTIMONY – CREDIBILITY GENERALLY

1.      You will recall that Glen Tonnesen, M.D. gave testimony of his qualifications as an expert in the field of radiation oncology.

2.      You will recall that James Rodgers, Ph.D. gave testimony of his qualifications as an expert in the field of medical physics.

3.      You will recall that Stephen Siebert, M.D. gave testimony of his qualifications as an expert in the field of psychiatry.

4.      You will recall that Paul Manson, M.D. gave testimony of his qualifications as an expert in the field of plastic and reconstruction and maxillofacial surgery.

A witness who has special knowledge, skill, experience, training, or education in a particular science, profession, or occupation may give his opinion as an expert as to any matter in which he is skilled. In determining the weight to be given to his opinion, you should consider the qualifications and reliability of the expert and the reasons given for his opinion. You are not bound by an expert's opinion merely because he is an expert; you may accept or reject it, as in the case of other witnesses. Given it the weight, if any, to which you deem it entitled.

## 5.31   EXPERT TESTIMONY – BASIS FOR OPINION GENERALLY

In general, the opinion of an expert has value only when you accept the facts upon which it is based. This is true whether the facts are assumed hypothetically by the expert, from his personal knowledge, from some other proper source or from some combination of these.

## 5.32   HYPOTHETICAL QUESTIONS

Questions have been asked in which an expert witness was invited to assume that certain facts were true and to give an opinion based upon that assumption. These are called hypothetical questions. If you find that any material fact assumed in a particular hypothetical question has not been established by the evidence, you should disregard the opinion of the expert given in response to that questions. (By material fact, we mean one which was important to the expert in forming his opinion.)

3

Similarly, if the expert has made it clear that his opinion is based on the assumption that a particular fact did not exist and, from the evidence you find that it did exist and that it was material, you should give no weight to the opinion so expressed.

## 5.33   WEIGHING CONFLICTING EXPERT TESTIMONY

In resolving any conflict that may exist in the testimony of expert witnesses, you are entitled to weigh the opinion of one expert against that of another.  In doing this, you should consider the relative qualifications and reliability of the expert witnesses, as well as the reasons for each opinion and the facts and other matters upon which it was based.

## 5.50   BUREN OF PROOF

In civil cases such as this one, the plaintiff has the burden of proving those contentions which entitle him to relief.

When a party has the burden of proof on a particular issue, has contention on that issue must be established by a fair preponderance of the evidence.  The evidence establishes a contention by a fair preponderance of the evidence if you are persuaded that it is more probably accurate and true than not.

To put it another way, think, if you will, of an ordinary balance scale, with a pan on each side.  Onto one side of the scale, place all of the evidence favorable to the plaintiff; onto the other, place all of the evidence favorable to the defendant.  If, after considering the comparable weight of the evidence you feel that the scales tip, ever so slightly or to the slightest degree in favor of the plaintiff, your verdict must be for the plaintiff.  If the scales tip in favor of the defendant, or are equally balanced, your verdict must be for the defendant.

In this case, the plaintiff has the burden of proving the following propositions:  that the defendant was negligent, and that that negligence was a substantial factor in bringing about the radiation burn injuries to Amanda Barge.  If, after considering all of the evidence, you feel persuaded that these propositions are more probably true than not true, your verdict must be for the plaintiff.  Otherwise, your verdict should be for the defendant.

## 6.00   DAMAGES

If you find that any of the defendants are liable to the plaintiff, you must then find an amount of money damages which you believe will fairly and adequately compensate the plaintiff for all the physical and financial injury she has sustained as a result.  The amount which you award today must compensate the plaintiff completely for damages sustained in the past, as well as damage the plaintiff will sustain in the future.

**6.01A          MEDICAL EXPENSES**

The Plaintiff is entitled to be compensated in the amount of all medical expenses reasonably incurred for the diagnosis, treatment and cure of her injuries in the past. These expenses, as alleged by the Plaintiff amount to $ _____; an exhibit will be submitted to you itemizing these costs, for your consideration during deliberation.

**6.01B          FUTURE MEDICAL EXPENSES**

The Plaintiff is entitled to be compensated for all medical expenses which you find she will reasonably incur in the future for the treatment and care of her continuing injuries; an exhibit will be submitted to you itemizing these costs, for your consideration during deliberation.

**6.01C          PAST LOST EARNINGS**

The Plaintiff is entitled to be compensated for the amount of earnings that she has lost up to the time of the trial as a result of her injuries. This amount is the difference between what she probably could have earned but for the harm and any less sum which she actually earned in any employment. (It is not essential to recovery that the Plaintiff should have been employed at the time of the accident, but his opportunities for employment are relevant in determining the amount that she probably could have earned.) An exhibit will be submitted to you itemizing these costs, for your consideration during deliberation.

**6.01E          PAST PAIN AND SUFFERING**

The plaintiff is entitled to fairly and adequately compensated for such physical pain, mental anguish, discomfort, inconvenience, and distress as you find she had endured, from the time of the accident until today.

**6.01F          FUTURE PAIN AND SUFFERING**

The plaintiff is entitled to be fairly and adequately compensated for such physical pain, mental anguish, discomfort, inconvenience, and distress as you believe she will endure in the future as a result of her injuries.

**6.01H          DISFIGUREMENT**

The disfigurement that the Plaintiff sustained as a result of this accident is a separate item of damages recognized by the law. Therefore, in addition to such sums as you award for pain and suffering and for embarrassment and humiliation, the Plaintiff is entitled to be fairly and adequately compensated for the disfigurement she suffered in the past as a result of this accident, and which she will continue to suffer during the future duration of her life.

**6.01I          ENJOYMENT OF LIFE**

The plaintiff is entitled to be fairly and adequately compensated for past, present, and future loss of her ability to enjoy any of the pleasures of life as a result of her injuries.

**6.01L          LOSS OF CONSORTIUM**

The plaintiff's spouse, Arthur Barge,  is entitled to be compensated for the loss of the injured party's services to him and the loss of companionship of his spouse.

**6.21   DAMAGES – LIFE EXPECTANCY**

If you find that the plaintiff's injuries will continue beyond today, you must determine the life expectancy of the plaintiff.  According to statistics compiled by the United States Department of Health, Education and Welfare, the average life expectancy of all persons of the plaintiff's age at the time of accident, sex and race was 35.8 years.  This figure is offered to you only as a guide and you are not bound to accept it if you believe that the plaintiff would have lived longer or less than the average individual in her category.  In reaching this decision you are to consider the plaintiff's health prior to the accident, her manner of living, her personal habits and other factors that may have affected the duration of her life.

**6.30   CONCURRING CAUSES**

The plaintiff is entitled to recover damages for all injuries which the defendant's negligence was a substantial factor in producing.  The defendant's negligence need not be the sole cause of the injuries; other causes may have  contributed to producing the final result.  The fact that some other factor may have been a contributing cause of an injury does not relieve a defendant of liability, unless you find that such other cause would have produced the injury complained of independently of his negligence.  {Even though prior conditions or concurrent causes may have contributed to an injury, if defendant's negligence was a substantial factor in producing the injury, defendant is liable for the full amount of damages sustained, without any apportionment or diminution for the other conditions or causes.

**10.02 (CIV)   PROFESSIONAL NEGLIGENCE OF PHISICIAN—DEFINITION**

Professional negligence consists of a negligent, careless, or unskilled performance by a physician of the duties imposed on him or her by the professional relationship with his or her patient.  It is also negligence when a physician shows a lack of proper care and skill in the performance of a professional act.

**10.02a (CIV)  PROFESSIONAL NEGLIGENCE OF MEDICAL PHYSICIST—DEFINITION**

Professional negligence consists of a negligent, careless, or unskilled performance by a medical physicist of the duties imposed on him y the professional relationship with the plaintiff,

Amanda Barge.  It is also negligence when a medical physicist shows a lack of proper care and skill in the performance of a professional act.

## 10.03a (CIV)  STANDARD OF CARE—PHYSICIANS

A physician must have and use the same knowledge and skill and exercise the same care as that which is usually had and exercised in the medical profession.  A physician whose conduct does not meet this professional standard of care is negligent.

[Where defendant-physician is a specialist:] a physician who holds himself out as a specialist in a particular field of medicine must have and use the same knowledge and skill and exercise the same care as that which is usually had and exercised by other specialists in that same medical specialty.  A specialist whose conduct does not meet this professional standard of care is negligent.

[Under this professional standard of care] a physician must also keep informed of the contemporary developments in the medical profession [or his or her specialty therein] and the physician must use these current skills and knowledge.  In other words, a physician is bound to be up to the improvements of the day in medical skills and knowledge and if the physician fails to inform himself or herself of these advances or fails to employ these advances in the medical treatment of a patient, he or she is negligent.

A physician must also use the same degree of care as would a reasonable person under the circumstances, and if the physician fails to do so, is negligent.

You must decide whether the defendant was negligent in any of these respects.  If you find that he was negligent in any of these respects, then you must determine whether the defendant's negligence was a substantial contributing factor in bringing about the plaintiff's injuries.  If you so find, you may return a verdict in favor of the plaintiff and against the defendant.

## 10.03a.1 (CIV)      STANDARD OF CARE—MEDICAL PHYSICIST

A medical physicist must have and use the same knowledge and skill and exercise the same care as that which is usually had and exercised in the medical physicist profession.  A medical physicist whose conduct does not meet this professional standard of care is negligent.

[Where defendant-medical physicist is a specialist:] a medical physicist who holds himself out as a specialist in a particular field of physics must have and use the same knowledge and skill and exercise the same care as that which is usually had and exercised by other specialists in that same specialty.  A specialist whose conduct does not meet this professional standard of care is negligent.

[Under this professional standard of care] a medical physicist must also keep informed of the contemporary developments in the profession [or his specialty therein] and the medical

physicist must use these current skills and knowledge.  In other words, a medical physicist is bound to be up to the improvements of the day in skills and knowledge and if the medical physicist fails to inform himself of these advances or fails to employ these advances in the care of a plaintiff, such as Amanda Barge, he is negligent.

A medical physicist must also use the same degree of care as would a reasonable person under the circumstances, and if the medical physicist fails to do so, he is negligent.

You must decide whether the defendant was negligent in any of these respects.  If you find that he was negligent in any of these respects, then you must determine whether the defendant's negligence was a substantial contributing factor in bringing about the plaintiff's injuries.  If you so find, you may return a verdict in favor of the plaintiff and against the defendant.

## 10.03B (CIV) LEGAL CAUSE—PHYSICIANS

(a)    The defendant-physician is legally responsible or liable for the injuries suffered by his or her patient if the defendant's negligent conduct is a legal cause of those injuries.

In order for the negligent conduct to be a legal cause (proximate cause), that conduct must have been a substantial factor in bringing about the injuries in question.

If the injuries in question would have been sustained even if the physician had not been negligent, then the negligent conduct of the defendant-physician would not be a substantial factor in causing the injuries in question.  Stated differently, the negligent conduct of the defendant is a substantial factor in causing the patient's injuries if those injuries would not have been sustained, had the physician not acted in a negligent manner.

(b)    When a defendant-physician negligently fails to act, or negligently delays in employing indicated diagnostic or therapeutic measures, and his negligence is a substantial contributing factor in causing injuries to the patient, the plaintiff does not have to prove to a certainty that proper care would have, as a medical fact, prevented the injuries in question.  If a defendant-physician's negligent action or inaction has effectively terminated the patient's chances of avoiding injuries, he may not raise conjectures as to the measure of the chances that he or she has put beyond the possibility of realization.  If there was any substantial possibility of avoiding injuries and the defendant has destroyed that possibility, he or she is liable to the plaintiff.

A causal connection between the injuries suffered and the defendant's failure to exercise reasonable care may be proved by evidence that the risk of incurring those injuries was increased by the defendant's negligent conduct.

The law recognizes that it is rarely possible to demonstrate to an absolute certainty what would have happened in circumstances that the wrongdoer did not allow to come to pass.

**10.03B.1 (CIV)          LEGAL CAUSE—MEDICAL PHYSICIST**

(a)      The defendant-medical physicist is legally responsible or liable for the injuries suffered by plaintiff if the defendant's negligent conduct is a legal cause of those injuries.

In order for the negligent conduct to be a legal cause (proximate cause), that conduct must have been a substantial factor in bringing about the injuries in question.

If the injuries in question would have been sustained even if the medical physicist had not been negligent, then the negligent conduct of the defendant-medical physicist would not be a substantial factor in causing the injuries in question.  Stated differently, the negligent conduct of the defendant is a substantial factor in causing the plaintiff's injuries if those injuries would not have been sustained, had the medical physicist not acted in a negligent manner.

(b)      When a defendant-medical physicist negligently fails to act, or negligently delays in employing indicated measures, and his negligence is a substantial contributing factor in causing injuries to the plaintiff, the plaintiff does not have to prove to a certainty that proper care would have, as a fact, prevented the injuries in question.  If a defendant-medical physicist's negligent action or inaction has effectively terminated the plaintiff's chances of avoiding injuries, he may not raise conjectures as to the measure of the chances that he has put beyond the possibility of realization.  If there was any substantial possibility of avoiding injuries and the defendant has destroyed that possibility, he is liable to the plaintiff.

A causal connection between the injuries suffered and the defendant's failure to exercise reasonable care may be proved by evidence that the risk of incurring those injuries was increased by the defendant's negligent conduct.

The law recognizes that it is rarely possible to demonstrate to an absolute certainty what would have happened in circumstances that the wrongdoer did not allow to come to pass.

## 10.05 (CIV)   RESPONDEAT SUPERIOR—PHYSICIANS

Physicians, like other persons, are subject to the law of agency. A physician who is a principal is responsible for the negligent acts of his agents. A person may be both the agent of a physician and a third party.

Respectfully submitted,

Dated: 4/25/03

Richard Oare, Esquire
U.S. Dist. Ct. M. D. ID #02985
1434 South George Street
York, Pennsylvania  17403
(717) 846-3000

Dated: 4/25/03

Louis G. Close, III, Esquire
Louis G. Close, III, P.A.
22 West Pennsylvania Avenue, Suite 300
Towson, Maryland  21204
(410) 296-3606