

1-to-4

FILED
HARRISBURG, PA

MAY 0 1 2003

MARY E. D'ANDREA, CLERK
Per_____
Deputy Clerk

**McKISSOCK & HOFFMAN, P.C.**
By:   B. Craig Black, Esquire
I.D.   #36818
By:   Robert A. McDermott, Esquire
I.D.   #66724
2040 LINGLESTOWN ROAD
SUITE 302
HARRISBURG, PA  17110
(717) 540-3400

ATTORNEYS FOR DEFENDANTS
DAVID J. SALINGER, M.D. and
KEYSTONE ONCOLOGY, LLC

| | |
|---|---|
| AMANDA BARGE and ARTHUR BARGE<br>Plaintiffs<br><br>v.<br><br>DAVID J. SALINGER, M.D., WILLIAM YING, PH.D.,  KEYSTONE ONCOLOGY, LLC, COMPREHENSIVE PHYSICS AND REGULATORY SERVICES, LTD.<br>Defendants | IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA<br><br>NO.  1:CV-00-1881<br><br>JUDGE CONNER<br><br>JURY TRIAL DEMANDED |

## MOTION OF DEFENDANTS, DAVID SALINGER, M.D. AND KEYSTONE ONCOLOGY, LLC TO MOLD VERDICT IN ACCORDANCE WITH 40 P.S. 991.1817

And Now, this 2nd day of May, 2003, come Defendants, David Salinger, M.D. and Keystone Oncology, LLC, (hereinafter sometimes referred to as "Salinger" and "Keystone") and move this Honorable Court to mold the verdict returned by the jury on April 29th, 2003, and in support thereof aver as follows:

1.   The within action was tried to a verdict on April 29th, 2003 before this Honorable Court.  The verdict of the jury was in favor of Plaintiffs in the total amount of

$350,000.00, allocated between Plaintiffs Amanda Barge and Arthur Barge as follows:

Amanda Barge - $325,000.00

Arthur Barge - $ 25,000.00

2. The jury further apportioned liability for payment of the verdict by and between the various defendants in this matter as follows:

David Salinger, M.D. and Keystone Oncology, LLC – 65%

William Ying, Ph.D. and Comprehensive Physics & Regulatory Services – 35%

3. This Honorable Court exercised  jurisdiction in this matter _via_ diversity of citizenship, pursuant to 28 U.S.C. 1332(a).

4. A federal court sitting in diversity jurisdiction shall apply the substantive law of the state with the most significant contact to the proceeding.  Erie Railroad v. Tompkins,. 304 U.S. 64, _cert denied_, 305 U.S. 639 (1938).

5. The substantive law of the Commonwealth of Pennsylvania is applicable to this matter in that the Commonwealth of Pennsylvania is the state wherein the cause of action arose and the state of residence of all named Defendants.  The only other state with any connections to this matter is the state of Maryland, which only connection to this matter is that it is the state where Plaintiffs' reside.

6. Defendants David Salinger, M.D. and Keystone Oncology, LLC were insured under a policy issued by PHICO Insurance Company ("PHICO") at the time of the incident giving rise to Plaintiffs causes of action.

7. The Commonwealth Court of Pennsylvania entered an Order of Liquidation with a finding of insolvency against PHICO on February 1, 2002.

8. As a result of the Liquidation Order, the provisions of 40 P.S. § 991.1817 apply to Plaintiffs claims.  A copy of the statute is appended hereto as Exhibit "A" for the ease of the Court's reference.

9. Pursuant to the provisions of 40. P.S. § 991.1817, Plaintiffs are required to exhaust first their right under any insurance policy, including but not limited to claims under accident and health insurance, worker's compensation, Blue Cross and Blue Shield, and all other coverages except for policies of an insolvent insurer.

10. Any failure to exhaust other insurance bars Plaintiffs' recovery in this action.

11.     The parties agree and have stipulated that Blue Cross and Blue Shield
        has paid the sum of $37,852.46 on behalf of medical bills and expenses
        incurred by Amanda Barge, which expenses were submitted to the jury as
        part of Plaintiffs' damages.

12.     Defendants Salinger and Keystone are entitled to a reduction in the
        amount of damages awarded against them in the amount of $37,852.46
        by virtue of the application of 40 P.S. §991.1817.


        **WHEREFORE,**  Defendants, David Salinger, M.D. and Keystone
Oncology, LLC request that this Honorable Court mold the verdict in this matter
in order to comply with the non-duplication of recovery provisions codified at 40
P.S. §991.1817 and reduce the liability of Defendants David Salinger, M.D. and
Keystone Oncology, LLC to the amount of $189,647.54 and enter judgment in
accordance therewith.


                                        Respectfully submitted,


                                        B. Craig Black, Esquire
                                        McKissock & Hoffman, P.C.
                                        2040 Linglestown Road
                                        Suite 302
                                        Harrisburg, PA 17110
                                        (717) 540-3400

                                        Counsel for David Salinger, M.D. and
                                        Keystone Oncology LLC

Service: **Get by LEXSTAT®**
TOC: Pennsylvania Code, Constitution and ALS > / . . . / > ARTICLE XVIII. PENNSYLVANIA PROPERTY AND
CASUALTY INSURANCE GUARANTY ASSOCIATION > **§ 991.1817. Non-duplication of recovery**
Citation: **40 p.s. 991.1817**

*40 P.S. § 991.1817*

PENNSYLVANIA STATUTES, ANNOTATED BY LEXISNEXIS(TM)

* THIS SECTION IS CURRENT THROUGH ACT 139 OF THE 2002 LEGISLATIVE SESSION *
*** FEBRUARY 2003 ANNOTATION SERVICE ***

PENNSYLVANIA STATUTES
TITLE 40.  INSURANCE
CHAPTER 2.  INSURANCE COMPANIES
ARTICLE XVIII.  PENNSYLVANIA PROPERTY AND CASUALTY INSURANCE GUARANTY
ASSOCIATION

♦ **GO TO CODE ARCHIVE DIRECTORY FOR THIS JURISDICTION**

40 P.S. § 991.1817 (2002)

§ 991.1817.  Non-duplication of recovery


   (a) Any person having a claim under an insurance policy shall be required to exhaust first
his right under such policy. For purposes of this section, a claim under an insurance policy
shall include a claim under any kind of insurance, whether it is a first-party or third-party
claim, and shall include, without limitation, accident and health insurance, worker's
compensation, Blue Cross and Blue Shield and all other coverages except for policies of an
insolvent insurer. Any amount payable on a covered claim under this act shall be reduced by
the amount of any recovery under other insurance.

   (b) Any person having a claim which may be recovered under more than one insurance
guaranty association or its equivalent shall exhaust first his right of recovery from the
association of the place of residence of the insured. Any amount payable on a covered claim
under this act shall be reduced by the amount of recovery from any other insurance guaranty
association or its equivalent.

LexisNexis (TM) Notes:
⬇ CASE NOTES
⬇ TREATISES AND ANALYTICAL MATERIALS

⌃ CASE NOTES
     ⬇ 🗎 Governments : Legislation : Interpretation
     ⬇ 🗎 Healthcare Law : Insurance : Patient Obligations
     ⬇ 🗎 Insurance Law : Claims & Contracts : Coinsurance
     ⬇ 🗀 Insurance Law : Claims & Contracts
     ⬇ 🗎 Insurance Law : General Liability Insurance : Coverage Trigger
     ⬇ 🗎 Insurance Law : Malpractice Insurance : Healthcare Providers
     ⬇ 🗎 Insurance Law : Motor Vehicle Insurance : Uninsured Motorists Coverage
     ⬇ 🗎 Insurance Law : Regulation of Insurance : Insurance Guaranty Associations

## CERTIFICATE OF SERVICE

I hereby certify that I am this day serving a copy of the foregoing Motion Of Defendants, David Salinger, M.D. And Keystone Oncology, LLC To Mold Verdict In Accordance With 40 P.S. 991.1817,  upon the person(s) and in the manner indicated below, which service satisfies the requirements of FRCP 5(b), by depositing a copy of same in the United States Mail, first-class postage prepaid, addressed as follows:

Richard Oare, Esquire
1434 South George Street
York, PA  17403
*(Counsel for Plaintiffs)*

Louis G. Close, III, Esquire
22 West Pennsylvania Avenue
Towson, MD  21204
*(Co-Counsel for Plaintiffs)*

Joseph A. Ricci, Esquire
Farrell & Ricci
4423 North Front Street
Harrisburg, PA  17110
*(Counsel for William Ying, Ph.D., Comprehensive Physics and Regulatory Services, Ltd.)*

McKissock & Hoffman, P.C.

By: _____
B. Craig Black, Esquire
2040 Linglestown Road
Suite 302
Harrisburg, PA 17110
(717) 540-3400

Attorneys for Defendants, David J. Salinger, M.D. and Keystone Oncology, LLC

Dated: 5-1-03