IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AMANDA BARGE and ARTHUR BARGE,** | : CIVIL ACTION NO. 1:00-CV-1881 |
| Plaintiffs | : (Judge Conner) |
| v. | : |
| **DAVID J. SALINGER, M.D., WILLIAM YING, Ph.D., KEYSTONE ONCOLOGY, LLC, and COMPREHENSIVE PHYSICS AND REGULATORY SERVICES, LTD.,** | : |
| Defendants | : |

## **ORDER**

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Before the court is defendants' unopposed motion to mold verdict in accordance with 40 P.S. § 991.1817. (Doc. 68).

From April 21 until April 29, 2003, the above parties tried the present action to verdict. On April 29, 2003 the jury awarded plaintiffs a verdict totaling $350,000.00 [1] The jury apportioned liability for payment of the verdict by and between the various defendants as follows.[2] The jury held defendants Dr. David Salinger ("Salinger") and Keystone Oncology, LLC ("Keystone") liable for sixty-five percent of the verdict. The

---

[1] The jury awarded $325,000.00 to plaintiff Amanda Barge and $25,000.00 to plaintiff Arthur Barge.

[2] The verdict form apportioned liability between Drs. Salinger and Ying only; however, the parties have stipulated that the individual defendants were actual agents of their respective corporate entities.

jury assigned liability for thirty-five percent of plaintiffs' verdict to defendants Dr. William Ying ("Ying") and Comprehensive Physics & Regulatory Services ("CPRS").

At the time of the incident in question, defendants Salinger and Keystone were insured under a policy issued by PHICO Insurance Company ("PHICO"). On February 1, 2002, the Commonwealth Court of Pennsylvania entered an Order of Liquidation with a finding of insolvency against PHICO. As a result of this liquidation order, the provisions of 40 P.S. § 991.1817 apply to plaintiffs' claims. Pursuant to the terms of this statute, plaintiffs must first exhaust their rights under all other insurance policies except for coverage by the insolvent insurer. See 40 P.S. § 991.1817. Failure to exhaust other insurance policies would bar plaintiffs' recovery in this matter. See id.

The parties have stipulated that Blue Cross and Blue Shield have paid the sum of $37,852.46 toward the medical bills and expenses incurred by plaintiff Amanda Barge. These expenses were submitted to the jury as part of plaintiffs' claim for damages. Pursuant to 40 P.S. § 991.1817, defendants Salinger and Keystone are entitled to a reduction in the amount of damages awarded against them in the amount of $37,852.46 because plaintiffs received this sum from a solvent insurer. Thereby, the court will direct the clerk of court to enter a verdict in the amount of $189,647.54 against defendants Salinger and Keystone.

AND NOW, this 7th day of May, 2003, upon consideration of defendants' motion to mold verdict in accordance with 40 P.S. § 991.1817 (Doc. 68), it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that:

1. The Clerk of Court is directed to enter a judgment of $189,647.54 against defendants Dr. David Salinger and Keystone Oncology, LLC.

2. The Clerk of Court is further directed to enter a judgment of $122,500.00 against defendants Dr. William Ying and Comprehensive Physics and Regulatory Services.

                         S/ Christopher C. Conner
                         CHRISTOPHER C. CONNER
                         United States District Judge