**McKISSOCK & HOFFMAN, P.C.**
By:  B. Craig Black, Esquire
I.D.  #36818
By:  Robert A. McDermott, Esquire
I.D.  #66724
2040 LINGLESTOWN ROAD
SUITE 302
HARRISBURG, PA  17110
(717) 540-3400

ATTORNEYS FOR DEFENDANTS
DAVID J. SALINGER, M.D. and KEYSTONE ONCOLOGY, LLC

| AMANDA BARGE and ARTHUR BARGE<br>        Plaintiffs<br><br>   v.<br><br>DAVID J. SALINGER, M.D., WILLIAM YING, PH.D.,  KEYSTONE ONCOLOGY, LLC, COMPREHENSIVE PHYSICS AND REGULATORY SERVICES, LTD.<br>        Defendants |
|---|

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NO.  1:CV-00-1881

JUDGE CONNER

JURY TRIAL DEMANDED

## ANSWER OF DAVID J. SALINGER, M.D. AND KEYSTONE ONCOLOGY, LLC TO PLAINTIFFS' PETITION FOR DELAY DAMAGES

AND NOW this   20th day of May, 2003 comes Defendants, David J. Salinger, M.D. and Keystone Oncology, LLC, by and through its attorneys, McKissock & Hoffman, P.C., and file the following Answer to Plaintiffs' Petition for Delay Damages wherein the following is a statement.

1.    Admitted.

2.  Denied. To the contrary, the docket in the above matter indicates that a Waiver of Service was first filed with this Honorable Court on February 16, 2001 by counsel on behalf of Dr. Salinger and Keystone Oncology, LLC.

3.  Admitted in part, denied in part. Although it is admitted that the jury verdict in favor of the Plaintiffs and against the Defendants was in an amount of $350,000.00, apportioning liability 65% to Defendant Salinger and Keystone, and 35% to Defendants Ying and CPRS, it is further averred that the verdict was molded to offset the sum of $37,852.46 representing medical expenses paid by the Plaintiffs' health insurance carrier thereby molding the verdict to $312,147.54. Moreover, it is noted that the molded verdict was apportioned as follows: $287,147.54 awarded to Amanda Barge for injuries sustained, (which amount, if any, is subject to delay damages) and $25,000.00 on a consortium claim to Plaintiff, Arthur Barge, which sum is not eligible for computation of delay damages. See: Anchorstar v. Mack Truck, 620 A 2.d 1120 (PA. 1997).

4.  Admitted.

5.  Denied. The provisions of Pennsylvania Rule of Civil Procedure 238 are in writing and speak for themselves. For the reasons set forth more fully in Paragraph 2 of this Answer, the applicable period for the computation of delay damages is denied as set forth in Plaintiffs' Petition.

6.  Admitted.

7.  Admitted.

8.  Admitted, with the clarification that the pertinent subsection to which Plaintiffs refer is (b)(1)(ii).

9.    Denied. Alternatively, Defendants set forth the following computation of appropriate delay damages, subject to the affirmative defenses set forth hereinafter:

Amount of award subject to delay damages - $287,147.54

February 16, 2002 to December 31, 2002 (318 days) @ $45.24/day = $14,386.32

January 1, 2003 to March 3, 2003 (61 days)         @ $41.30/day = $ 2,519.30

$16,905.62

Allocation to Dr. Salinger & Keystone:
$16,905.62 x .65 = $10,988.65

Allocation to Dr. Ying & Comprehensive:
$16,905.62 x .35 = $ 5,916.97

WHEREFORE, Defendants, David Salinger, M.D. and Keystone Oncology, LLC, respectfully request this Honorable Court deny Plaintiffs' Petition and alternatively award delay damages in accordance with the computation set forth hereinabove should this Honorable Court ultimately determine that delay damages are applicable in this matter.

## FIRST DEFENSE

Defendants hereby contest the applicability of Pennsylvania Rule of Civil Procedure 238 to the computation of delay damages in a federal diversity matter inasmuch as Pennsylvania Rule of Civil Procedure 238 is procedural in nature and not substantive in nature as evidenced by its promulgation by the Pennsylvania Supreme Court rather than an enactment as law by the Pennsylvania Legislature.

## **SECOND DEFENSE**

This Honorable Court should exclude from the computation of delay damages the period between February 1, 2002 and May 2, 2003 which is the period during which this matter could not proceed pursuant to a stay ordered by the Honorable Rochelle S. Friedman, Judge of the Commonwealth Court of Pennsylvania in light of the insolvency of PHICO Insurance Company, which Order this Honorable Court afforded comity under the provisions of the United States Constitution.

## **THIRD DEFENSE**

Should this Honorable Court award delay damages during the period of time that this Honorable Court afforded a stay of this matter in comity to the Commonwealth Court of Pennsylvania, the award of delay damages constitutes a denial of due process in that it would deprive Defendants of their property interest by virtue of their alleged inactivity during a period of time that they were unable to proceed with the litigation due to the stay.

Respectfully submitted,

By: s/ B. Craig Black
B. Craig Black, Esquire
McKissock & Hoffman, P.C.
2040 Linglestown Road
Suite 302
Harrisburg, PA 17110
(717) 540-3400

Counsel for David Salinger, M.D. and
Keystone Oncology LLC

**CERTIFICATE OF SERVICE**

I hereby certify that I am this day serving a copy of the foregoing Answer to Plaintiffs' Petition upon the person(s) and in the manner indicated below, which service satisfies the requirements of FRCP 5(b), by depositing a copy of same in the United States Mail, first-class postage prepaid, addressed as follows:

Richard Oare, Esquire
1434 South George Street
York, PA 17403
*(Counsel for Plaintiffs)*

Louis G. Close, III, Esquire
22 West Pennsylvania Avenue
Towson, MD 21204
*(Co-Counsel for Plaintiffs)*

Joseph A. Ricci, Esquire
Farrell & Ricci
4423 North Front Street
Harrisburg, PA 17110
*(Counsel for William Ying, Ph.D., Comprehensive Physics and Regulatory Services, Ltd.)*

McKissock & Hoffman, P.C.

By: s/ B. Craig Black
   B. Craig Black, Esquire
   2040 Linglestown Road
   Suite 302
   Harrisburg, PA 17110
   (717) 540-3400

   Attorneys for Defendants, David J. Salinger, M.D.
   and Keystone Oncology, LLC

Dated: May 20, 2003