# ORIGINAL

2 +6 C∅



FILED

MAY 1 9 2003

MARY E. D'ANDREA, CLERK
PER _____ HBG, PA DEPUTY CLERK

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

AMANDA BARGE and                    :
ARTHUR BARGE,                       :
      Plaintiffs          :
                          :
      v.                  : CASE NUMBER: 1:00-CV-1881
                          :
DAVID J. SALINGER, M.D.;            :
WILLIAM YING, Ph.D.;                :    Judge Conner
KEYSTONE ONCOLOGY, LLC d/b/a        :
HERITAGE HILLS ONCOLOGY CTR.;       :
COMPREHENSIVE PHYSICS AND           :
REGULATORY SERVICE, LTD. and        :
EQUIMED, INCORPORATED,              :
      Defendants          :    JURY TRIAL DEMANDED

## REPLY OF DEFENDANTS WILLIAM YING, Ph.D.
## AND COMPREHENSIVE PHYSICS AND
## REGULATORY SERVICE, LTD.
## TO PLAINTIFFS' PETITION FOR DELAY DAMAGES

AND NOW COME Defendants, William Ying, Ph.D. and

Comprehensive Physics and Regulatory Service, Ltd., by and through

his counsel, Farrell & Ricci, P.C., by Joseph A. Ricci, Esquire, and Lawrence F. Barone, Esquire, replies to Plaintiffs' Petition for Delay Damages as follows:

1.    Admitted.

2.    Denied as stated.  It is admitted only that Dr. Ying accepted service of a Complaint.  By way of further answer, the Court's docket indicates that a Writ of Summons and Complaint were filed against Dr. Ying on May 7, 2001; however, there is no return of service in the Court records. (See docket attached as **Exhibit "A."**)  Counsel for Dr. Ying indicated he would complete an authorization to accept service and, on July 23, 2001, entered his appearance.  (See Entry of Appearance attached as **Exhibit "B."**)  Accordingly, as Pa.R.C.P. 238 requires damages for delay to be awarded for the period of time from a date <u>one year</u> after the date **original process was first served** in an action up to the date of the award, verdict or decision, it cannot be determined on what date service was perfected.  Defendants therefore specifically deny that on January 19, 2001, Plaintiffs served a Complaint upon Defendant Ying.

2

3.    Denied as stated.  It is admitted that on April 29, 2003, following a seven day trial before the Honorable Christopher Conner, the jury return a verdict of $325,000.00 in favor of Plaintiff Amanda Barge and a verdict in favor of Plaintiff Arthur Barge in the amount of $25,000.00.  It is further admitted that the jury assessed 65% of the liability to Defendants Salinger and Keystone, and 35% of the liability to Defendants Ying and CPRS.  However, pursuant to this Honorable Court's Order dated May 7, 2003, the Court moulded the verdict in response to Co-Defendants' unopposed Motion, and the Clerk of Court was directed to enter judgment of $189,647.54 against Defendants Salinger and Keystone Oncology, LLC, and the Clerk of Court was further directed to enter a judgment of $122,500.00 against Defendants Ying and Comprehensive Physics and Regulatory Service, Ltd.  This amount constituted a reduction of the personal injury award to Plaintiff Amanda Barge by $37,852.46, resulting from a stipulation that Blue Cross and Blue Shield had paid that amount towards medical bills and expenses.  It is important to note that Arthur Barge's award for consortium damages may not be included in calculating delay damages.

See <u>Anchorstar v. Mack Truck</u>, 620 A.2d 1120.  (Supreme Ct. Penna. 1997)

4.    Admitted.  By way of further response, in addition to the February 2003 joint offer of $100,000.00, Defendants Ying and CPRS provided Plaintiffs a written settlement offer on March 6, 2003, offering various structured settlements, each offering over the life of the structure in excess of $300,000.00.  (See correspondence March 6, 2003, attached hereto and marked as **Exhibit "C."**)  By way of further answer, the cost value of the proposed structural settlement offers was $150,000.00.

5.    Denied as stated.  Pa.R.C.P. 238 delay damages are not available on a loss of consortium claim.  See <u>Anchorstar v. Mack Truck</u>, 620 A.2d 1120 (Supreme Court Penna. 1997).  Further, Pa.R.C.P. 238(a)(1) states that delay damages are available, "at the request of plaintiff in a civil action seeking monetary relief for bodily injury, death or property

damages ... ."  Pa.R.C.P. 238(a)(2) indicates "damages for delay shall be awarded for the period of time from a date one year after the date

original process was first served in the action up to the date of the award." There exists no Pa.R.C.P. 238(a)(2)(ii) as Plaintiffs state in their motion. Further, it is specifically denied that process was served on Defendant Ying on January 19, 2002, as earlier stated. Therefore, it is believed that the proper period for calculating any possible delay damages, if applicable, assertable against Defendant Ying, would be July 23, 2001, the date on which counsel for Defendants Ying and CPRS agreed to accept service.

6.    Admitted.

7.    Admitted in part, denied in part. It is admitted that Plaintiffs sought a continuance from March 3, 2003, and therefore the time period from March 3, 2003, until the date the award was entered on May 5, 2003, should be excluded. However, it is specifically denied that Pa.R.C.P. 238(b)(2) states that any delay caused by the plaintiff shall be excluded as is stated in Plaintiffs' Motion. In fact, it is Pa.R.C.P. 238(b)(1)(ii) which indicates:

(b)( 1) The period of time for which damages for delay shall

be calculated under subdivision (a)(2) shall exclude the time

period, if any,

. . .

    (ii)   during which the plaintiff caused delay of the

    trial.

Plaintiffs' Motion cites to the wrong section of Rule 238.

    9.    Denied.  It is specifically denied that Plaintiffs are entitled

to damages for delay in the amount of $19,737.67.  Specifically,

Plaintiffs' calculations, according to Pa.R.C.P. 238 are substantially in

error.  To begin, Plaintiffs' use of the $312,147.54 total is improper.

This amount includes the $25,000.00 of consortium damages awarded to

Mr. Barge.  As stated above, in <u>Anchorstar</u>, the Supreme Court of

Pennsylvania held that consortium damages are not subject to

compounded delay damage.  Accordingly, the proper figure would be

$287,147.50, representing the moulded verdict of Mrs. Barge's award

for bodily injury.  Secondly, Plaintiffs' calculations beginning on

January 19, 2002, are also incorrect.  Defendant asserts that Plaintiffs

cannot prove the date on which Dr. Ying was actually served with the

Complaint. Accordingly, their use of January 19, 2002, is incorrect.

Further, the operative starting date to calculate delay damages differs

for both Defendants. Calculations for Defendant Salinger begin

February 16, 2001. Calculations for Defendant Ying begin July 23,

2001, assuming the Court chooses to use the July 23, 2001, date as the

operative starting point. Accordingly, the proper calculations in

assessing delay damages against Dr. Ying are as follows:

> For 2002, July 23-December 31 (161 days), with interest at
> 5.75% at a per diem pro rata rate of $15.83, Defendant Ying
> would be responsible for $2,548.63.

> For 2003, January 1-April 29 (119 days), with interest at
> 5.25% at a per diem pro rata rate of $14.44, Defendant Ying
> would be responsible for $1,718.36.

Therefore, the total amount owed by Defendant Ying would be

$4,266.99.

WHEREFORE, it is respectfully requested that this Honorable

Court deny Plaintiffs' Petition for Delay Damages as Plaintiffs have

used the wrong starting date and calculated the damages incorrectly.

Further, Defendants also ask this Court to deny Plaintiffs' request for

docket costs in the amount of $150.00, which are not addressed

anywhere in his Petition.

Respectfully submitted,

**FARRELL & RICCI, P.C.**

Date: _5/16/03_

Joseph A. Ricci, Esquire
Attorney I.D. No. 49803
Lawrence F. Barone
Attorney I.D. No. 68921
4423 North Front Street
Harrisburg, PA 17110
(717) 230-9201
Counsel for Defendants William Ying,
Ph.D. and Comprehensive Physics and
Regulatory Services, Ltd.

**EXHIBIT A**



**1:00-cv-01881-CCC** Barge, et al v. Salinger, et al
Christopher C. Conner, presiding
**Date filed:** 10/25/2000
**Date terminated:** 05/08/2003 **Date of last filing:** 05/08/2003

# History

| Doc. No. | Dates | | Description |
|---|---|---|---|
| -- | *Filed:* | 10/25/2000 | Summons Issued |
| | *Entered:* | 10/26/2000 | |
| 1 | *Filed:* | 10/25/2000 | Complaint |
| | *Entered:* | 10/26/2000 | |
| -- | *Filed & Entered:* | 10/26/2000 | Special Admission Form Sent |
| 2 | *Filed & Entered:* | 10/27/2000 | Letter |
| -- | *Filed:* | 12/15/2000 | Special Admission Form Received (Must Have Credit Card |
| | *Entered:* | 12/18/2000 | on File) |
| 3 | *Filed & Entered:* | 12/19/2000 | Special Admissions Form Approved |
| 4 | *Filed:* | 02/08/2001 | Attorney Appearance - Entry of Appearance |
| | *Entered:* | 02/13/2001 | |
| -- | *Filed & Entered:* | 02/13/2001 | Special Admission Form Sent |
| 5 | *Filed & Entered:* | 02/16/2001 | Waiver of Service Executed    *As to Salinger* |
| 6 | *Filed & Entered:* | 02/27/2001 | ICMS - converted docket entry |
| 7 | *Filed & Entered:* | 02/27/2001 | Attorney Substitution |
| 8 | *Filed:* | 03/02/2001 | Summons Returned Executed |
| | *Entered:* | 03/05/2001 | |
| 8 | *Filed:* | 03/02/2001 | Summons Returned Executed |
| | *Entered:* | 03/05/2001 | |
| 9 | *Filed:* | 03/14/2001 | Motion for Extension of Time to File Answer |
| | *Entered:* | 03/15/2001 | |
| | *Terminated:* | 03/15/2001 | |
| 10 | *Filed:* | 03/15/2001 | Order |
| | *Entered:* | 03/16/2001 | |
| 11 | *Filed & Entered:* | 03/22/2001 | ICMS - converted docket entry |
| 12 | *Filed & Entered:* | 03/22/2001 | Order |
| 13 | *Filed & Entered:* | 04/03/2001 | Case Management Form Returned |
| 14 | *Filed:* | 04/04/2001 | Case Management Form Returned |
| | *Entered:* | 04/05/2001 | |
| 15 | *Filed & Entered:* | 04/06/2001 | Answer to Complaint |
| 16 | *Filed & Entered:* | 04/06/2001 | Case Management Order - Complex Track |



| -- | Filed: | 05/07/2001 | 🌑 Summons Issued |
|---|---|---|---|
|  | Entered: | 05/11/2001 |  |
| 17 | Filed: | 05/07/2001 | 🌑 Amended Complaint |
|  | Entered: | 05/11/2001 |  |
| -- | Filed & Entered: | 05/11/2001 | 🌑 Summons Issued |
| 18 | Filed: | 06/08/2001 | 🌑 Answer to Complaint |
|  | Entered: | 11/06/2001 |  |
| 18 | Filed: | 06/08/2001 | 🌑 Answer to Complaint |
|  | Entered: | 11/06/2001 |  |
| 19 | Filed: | 07/09/2001 | 🌑 Praecipe |
|  | Entered: | 07/10/2001 |  |
| 20 | Filed & Entered: | 09/04/2001 | 🌑 Motion for Miscellaneous Relief |
|  | Terminated: | 09/04/2001 |  |
| 21 | Filed & Entered: | 09/04/2001 | 🌑 Order |
| 22 | Filed: | 09/11/2001 | 🌑 Stipulation |
|  | Entered: | 09/13/2001 |  |
|  | Terminated: | 09/13/2001 |  |

| Doc. No. | Dates | | Description |
|---|---|---|---|
| 23 | Filed & Entered: | 09/13/2001 | 🌑 Set Deadlines/Hearings |
| 23 | Filed & Entered: | 09/13/2001 | 🌑 Order |
| 24 | Filed: | 11/05/2001 | 🌑 Answer to Complaint |
|  | Entered: | 11/06/2001 |  |
| 25 | Filed: | 11/05/2001 | 🌑 Response |
|  | Entered: | 11/06/2001 |  |
| 26 | Filed & Entered: | 02/11/2002 | 🌑 Praecipe |
| 27 | Filed & Entered: | 02/19/2002 | 🌑 Case Stayed |
| 27 | Filed & Entered: | 02/19/2002 | 🌑 Set Deadlines/Hearings |
| 27 | Filed & Entered: | 02/19/2002 | 🌑 Order |
| 28 | Filed: | 05/03/2002 | 🌑 Praecipe |
|  | Entered: | 05/07/2002 |  |
| 29 | Filed: | 05/03/2002 | 🌑 Attorney Appearance - Entry of Appearance |
|  | Entered: | 05/07/2002 |  |
| 30 | Filed & Entered: | 05/28/2002 | 🌑 Letter |
| 31 | Filed: | 06/24/2002 | 🌑 Stipulation |
|  | Entered: | 06/25/2002 |  |
|  | Terminated: | 06/25/2002 |  |
| 32 | Filed: | 06/25/2002 | 🌑 Set Deadlines/Hearings |
|  | Entered: | 06/27/2002 |  |





| 32 | Filed: | 06/25/2002 | ◑ Order |
| | Entered: | 06/27/2002 | |
| 33 | Filed: | 07/10/2002 | ◑ Mail Returned |
| | Entered: | 07/11/2002 | |
| 34 | Filed: | 07/18/2002 | ◑ Notice of Change of Address |
| | Entered: | 07/23/2002 | |
| 35 | Filed & Entered: | 08/15/2002 | ◑ Order Assigning/Reassigning Case |
| 35 | Filed & Entered: | 08/15/2002 | ◑ Order |
| 36 | Filed & Entered: | 01/16/2003 | ◑ ICMS - converted docket entry |
| 37 | Filed & Entered: | 01/22/2003 | ◑ Set Deadlines/Hearings |
| 37 | Filed & Entered: | 01/22/2003 | ◑ Order |
| -- | Filed: | 02/19/2003 | ◑ Proposed Document |
| | Entered: | 02/20/2003 | |
| 38 | Filed: | 02/19/2003 | ◑ Voir Dire Questions |
| | Entered: | 02/20/2003 | |
| 39 | Filed: | 02/19/2003 | ◑ Jury Instructions |
| | Entered: | 02/20/2003 | |
| 40 | Filed: | 02/19/2003 | ◑ Pretrial Memorandum |
| | Entered: | 02/20/2003 | |
| 41 | Filed: | 02/19/2003 | ◑ Jury Instructions |
| | Entered: | 02/20/2003 | |
| 42 | Filed: | 02/19/2003 | ◑ Voir Dire Questions |
| | Entered: | 02/20/2003 | |
| 43 | Filed: | 02/19/2003 | ◑ Pretrial Memorandum |
| | Entered: | 02/20/2003 | |
| 44 | Filed: | 02/19/2003 | ◑ Points for Charge |
| | Entered: | 02/20/2003 | |
| 45 | Filed: | 02/19/2003 | ◑ Voir Dire Questions |
| | Entered: | 02/20/2003 | |

| Doc. No. | Dates | | Description |
|---|---|---|---|
| 46 | Filed: | 02/19/2003 | ◑ Pretrial Memorandum |
| | Entered: | 02/20/2003 | |
| 47 | Filed & Entered: | 02/21/2003 | ◑ ICMS - converted docket entry |
| 48 | Filed & Entered: | 02/21/2003 | ◑ Order |
| 49 | Filed: | 02/27/2003 | ◑ Amended Document |
| | Entered: | 03/03/2003 | |
| -- | Filed: | 03/03/2003 | ◑ Jury List |
| | Entered: | 03/07/2003 | |



| 53 | *Filed:* 03/05/2003<br>*Entered:* 03/08/2003 | Trial Brief |
|---|---|---|
| 55 | *Filed:* 03/10/2003<br>*Entered:* 03/11/2003 | Trial Brief |
| 56 | *Filed:* 03/10/2003<br>*Entered:* 03/11/2003 | Jury Instructions |
| 58 | *Filed:* 03/10/2003<br>*Entered:* 03/11/2003 | Request |
| 57 | *Filed & Entered:* 03/11/2003 | Scheduling Order |
| 60 | *Filed:* 03/31/2003<br>*Entered:* 04/01/2003 | Response |
| 61 | *Filed & Entered:* 04/02/2003 | Order |
| 61 | *Filed & Entered:* 04/02/2003 | Terminate Case Associations |
| 63 | *Filed:* 04/23/2003<br>*Entered:* 04/24/2003 | Transcript |
| 64 | *Filed:* 04/24/2003<br>*Entered:* 04/25/2003 | Proposed Document |
| 65 | *Filed:* 04/24/2003<br>*Entered:* 04/25/2003 | Points for Charge |
| 66 | *Filed & Entered:* 04/25/2003 | Proposed Jury Instructions |
| 67 | *Filed & Entered:* 04/28/2003 | Proposed Jury Instructions |
| 77 | *Filed:* 04/29/2003<br>*Entered:* 05/08/2003 | Exhibit List |
| 78 | *Filed:* 04/29/2003<br>*Entered:* 05/08/2003 | Exhibit List |
| 79 | *Filed:* 04/29/2003<br>*Entered:* 05/08/2003 | Exhibit List |
| 80 | *Filed:* 04/29/2003<br>*Entered:* 05/08/2003 | Exhibit List |
| 81 | *Filed:* 04/29/2003<br>*Entered:* 05/08/2003 | Jury Questions |
| 82 | *Filed:* 04/29/2003<br>*Entered:* 05/08/2003 | Jury Verdict |
| 83 | *Filed:* 04/29/2003<br>*Entered:* 05/08/2003 | Acknowledgement Received |
| 68 | *Filed:* 05/01/2003<br>*Entered:* 05/02/2003<br>*Terminated:* 05/07/2003 | Motion for Miscellaneous Relief |
| 76 | *Filed & Entered:* 05/07/2003 | Motion for Damages |
| 84 | *Filed:* 05/07/2003<br>*Entered:* 05/08/2003 | Order on Motion for Miscellaneous Relief |



| 85 | *Filed & Entered:* 05/08/2003 | Judgment |
|----|----|----|
| 85 | *Filed & Entered:* 05/08/2003 | Order Terminating Case |

| Doc. No. | Dates | Description |
|----|----|----|
| 85 | *Filed & Entered:* 05/08/2003 | Judgment Index - Add Record |

| PACER Service Center | | |
|----|----|----|
| **Transaction Receipt** | | |
| 05/14/2003 10:29:00 | | |
| **PACER Login:** mh0153 | **Client Code:** | 000872-00078 |
| **Description:** HistDocQry | **Case Number:** | 1:00-cv-01881-CCC |
| **Billable Pages:** 3 | **Cost:** | 0.21 |



**Full docket text for document 5:**
WAIVER OF SERVICE OF SUMMONS returned as to defendant David J. Salinger M.D., defendant Heritage Hills Oncol ;request sent 1/16/01 (sm)

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/14/2003 10:29:33 | | |
| **PACER Login:** mh0153 | **Client Code:** | 000872-00078 |
| **Description:** HistDocQry | **Case Number:** | 1:00-cv-01881-CCC |
| **Billable Pages:** 1 | **Cost:** | 0.07 |

# EXHIBIT B

**Farrell & Ricci, P.C.**
4423 North Front Street
Harrisburg, PA 17110
(717) 230-9201

| | |
|---|---|
| ACCELETRONICS VENTURES, INC., t/a Accel Service Company,       Plaintiff<br><br>v.<br><br>EQUIMED, INC. and JOSEPH BOWMAN and BARBARA BOWMAN t/a COMPREHENSIVE PHYSICS AND REGULATORY SERVICES, LTD.       Defendants | : : : : : : : : : : : : : : | IN THE COURT OF COMMON PLEAS CHESTER COUNTY, PENNSYLVANIA<br><br>NO. 00-01415<br><br><br>CIVIL ACTION - LAW<br><br>JURY TRIAL DEMANDED |

## ENTRY OF APPEARANCE

Please enter the appearance of the undersigned as counsel for Defendants, Joseph Bowman and Barbara Bowman t/a Comprehensive Physics and Regulatory Services, Ltd., in the above-captioned matter.

Respectfully submitted,

**FARRELL & RICCI, P.C.**

Date: 7/23/01

Joseph A. Ricci, Esquire
Attorney I.D. No. 49803

Colleen E. Ehresman, Esquire
Attorney I.D. No. 82482
4423 North Front Street
Harrisburg, PA 17110
(717) 230-9201
Counsel for Defendants Joseph Bowman and
Barbara Bowman t/a Comprehensive Physics and
Regulatory Services, Ltd.

## <u>CERTIFICATE OF SERVICE</u>

**AND NOW**, this _24th_ day of July, 1998, I, Joseph A. Ricci, Esquire, hereby certify

that I served a true and correct copy of the foregoing *Entry of Appearance* upon all counsel

of record by depositing a copy of same in the United States mail, regular delivery, postage

prepaid at Harrisburg, Pennsylvania, addressed as follows:

Bruce Alan Herald, Esquire
120 John Robert Thomas Drive
Exton, PA  19341-2654

EquiMed, Inc.
2171 Sandy Drive
State College, PA  16803

Joseph A. Ricci, Esquire

**EXHIBIT C**

# *Farrell & Ricci, P.C.*
### *Attorneys and Counselors at Law*
### *4423 North Front Street*
### *Harrisburg, PA 17110*

*Michael A. Farrell*
*Joseph A. Ricci †*
*Marc T. Levin \**
*Daniel J. Gallagher*
*Stephen R. Harris*
*Gregory D. Geiss*
*Thomas M. Fraticelli*
*Lawrence F. Barone*
*Lynn A. Matz \**

*\*also admitted in New Jersey*

March 6, 2003

*Telephone:* (717) 230-9201
*Fax:* (717) 230-9202
*E-mail:* jricci@frpclaw.com

SENT VIA FAX-410/296-0080
Louis G. Close, III, Esquire
22 West Pennsylvania Avenue
Suite 300
Towson, MD  21204

> RE:    **Barge v. Ying/Comprehensive Physics and Regulatory Services, Ltd.**
> **Docket No. 1:00 -CV-1881 (MDPA) (Judge Conner)**
> **Our File No. CIC-102**

Dear Lou:

This letter will confirm our telephone conversation concerning settlement of the above-referenced matter.  As I explained, my client, in the interest of trying to find a way to come to a resolution of this matter, has offered to place settlement funds in the form of a structured settlement.  One proposal includes $50,000.00 in up-front cash, as you will see.  The other proposal structures the entire amount of settlement funds on behalf of Dr. Ying.

I have enclosed a copy of both of the structured proposals for your clients' review.  You will note that these proposals produce significant amounts of money over the life of the structure.  Further, you will note that these proposals do have right of survivorship benefits so that both Mr. and Mrs. Barge are protected throughout their lives.

Would you please provide my office with your clients' response to the structures.  Your cooperation in this regard is greatly appreciated.

Very truly yours,

Joseph A. Ricci

JAR/kat
Enclosures
cc:    Richard Oare, Esquire
       B. Craig Black, Esquire

*† Certified as a Civil Trial Advocate by the National Board of Trial Advocacy*
*A Pennsylvania Supreme Court Accredited Agency*

 **SETTLEMENT PLANNING ASSOCIATES**
Two Sides—One Solution



875 North Michigan Avenue
Suite 1900
Chicago, Illinois 60611-1803
1.877.772.4436
www.settlementplanning.com

March 5, 2003

# SETTLEMENT PROPOSAL FOR
# Amanda Barge and Arthur Barge

Prepared by:
Casey McCarthy, CSSC, MBA
DIRECT 312.988.3134
FACSIMILE 312.280.7211
E-MAIL cmccarth@nnng.com

| ASSUMPTIONS | CLAIMANT NAME: Amanda Barge | CLAIMANT NAME: Arthur Barge |
|---|---|---|
| | SEX: Female | SEX: Male |
| | DATE OF BIRTH: 03/15/1956 | DATE OF BIRTH: Assumed Age: 47 |

## INCOME-TAX FREE SETTLEMENT PROPOSAL

**CASH AT SETTLEMENT**
$50,000.00 cash payment to the claimant inclusive of attorney fees and all liens and expenses.

**BENEFITS FOR AMANDA BARGE AND ARTHUR BARGE**
**Annual Lifetime Benefits - 100% Joint and Survivor**
$4,000.00 per year for the joint lives of Amanda Barge and Arthur Barge, guaranteed for 35 years regardless of their mortality, beginning on April 1, 2004. The amount of the payment shall increase by 2% compounding annually on April 1st of each year beginning April 1, 2005. The final guaranteed payment will be on April 1, 2038. Payments will continue to be made as long as at least one of the annuitants is living.

**GUARANTEED LUMP SUMS**
$5,000.00 guaranteed payment on April 1, 2013.
$15,000.00 guaranteed payment on April 1, 2023.
$33,500.00 guaranteed payment on April 1, 2033.

**TOTAL SETTLEMENT** (INCLUSIVE of front cash)

| | | |
|---|---|---|
| **COST** | $ | 150,000.00 |
| **GUARANTEED BENEFITS** | $ | 303,478.00 |
| **EXPECTED BENEFITS** | $ | 319,637.00 |

This proposal expires on March 12, 2003. Rates are subject to change without notice. All proposals and benefit statements are subject to approval by Settlement Planning Associates.

**SETTLEMENT PLANNING ASSOCIATES**
Two Sides—One Solution



875 North Michigan Avenue
Suite 1900
Chicago, Illinois 60611-1803
1.877.772.4436
www.settlementplanning.com

March 5, 2003

# SETTLEMENT PROPOSAL FOR
# Amanda Barge and Arthur Barge

Prepared by:
Casey McCarthy, CSSC, MBA
DIRECT 312.988.3134
FACSIMILE 312.280.7211
E-MAIL cmccarth@nnng.com

| ASSUMPTIONS | CLAIMANT NAME: Amanda Barge | CLAIMANT NAME: Arthur Barge |
|---|---|---|
| | SEX: Female | SEX: Male |
| | DATE OF BIRTH: 03/15/1956 | DATE OF BIRTH: Assumed Age: 47 |

## INCOME-TAX FREE SETTLEMENT PROPOSAL

**BENEFITS FOR AMANDA BARGE AND ARTHUR BARGE**
**Annual Lifetime Benefits - 100% Joint and Survivor**
$6,000.00 per year for the joint lives of Amanda Barge and Arthur Barge, guaranteed for 35 years regardless of their mortality, beginning on April 1, 2004. The amount of the payment shall increase by 2% compounding annually on April 1st of each year beginning April 1, 2005. The final guaranteed payment will be on April 1, 2038. Payments will continue to be made as long as at least one of the annuitants is living.

**GUARANTEED LUMP SUMS**
$10,000.00 guaranteed payment on April 1, 2013.
$20,000.00 guaranteed payment on April 1, 2023.
$47,000.00 guaranteed payment on April 1, 2033.

**TOTAL SETTLEMENT** (EXCLUSIVE of front cash)

| | | |
|---|---|---|
| **COST** | $ | 150,000.00 |
| **GUARANTEED BENEFITS** | $ | 376,967.00 |
| **EXPECTED BENEFITS** | $ | 401,206.00 |

This proposal expires on March 12, 2003. Rates are subject to change without notice. All proposals and benefit statements are subject to approval by Settlement Planning Associates.

## CERTIFICATE OF SERVICE

**AND NOW**, this 16th day of May, 2003, I, Lawrence F. Barone,

Esquire, hereby certify that I served a true and correct copy of the

foregoing *Reply to Plaintiffs' Petition for Delay Damages* upon all

counsel of record by depositing a copy of same in the United States mail,

regular delivery, postage prepaid at Harrisburg, Pennsylvania, addressed

as follows:

    Richard Oare, Esquire
    1434 South George Street
    York, PA  17403

    Louis G. Close, III, Esquire
    22 West Pennsylvania Avenue
    Suite 300
    Towson, MD  21204

    B. Craig Black, Esquire
    Robert A. McDermott, Esquire
    McKissock & Hoffman, P.C.
    2040 Linglestown Road
    Suite 302
    Harrisburg, PA  17110

                 Lawrence F. Barone, Esquire