IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMANDA BARGE, et ux.,** | : | **CASE NO. 1:00-CV-1881** |
| Plaintiffs | : | |
| | : | **(Judge Conner)** |
| v. | : | |
| | : | |
| **DAVID J. SALINGER, M.D., et. al.** | : | |
| Defendants | : | |

## ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Presently before the court is plaintiff's motion for delay damages arising from an action for personal injuries sustained by plaintiff in a medical negligence case. (Doc. 76). Following a seven (7) day trial, the jury returned a verdict in favor of plaintiffs in the total amount of $350,000.00, assessing liability sixty-five percent (65%) as to defendants David Salinger M.D. ("Salinger") and Keystone Oncology, LLC ("Keystone") and thirty-five percent (35%) as to defendants William Ying Ph.D. ("Ying") and Comprehensive Physics and Regulatory Service, Ltd. ("CPRS"). (Doc. 82). The jury awarded $325,000.00 in negligence damages to Amanda Barge and $25,000.00 in loss of consortium damages to Arthur Barge. (Doc. 82). By order dated May 7, 2003, the court molded this verdict to $312,147.54 in adjustment for medical expenses paid by plaintiff's health insurance carrier. (Doc. 84). See also 40 P.S. § 991.1817.

The Pennsylvania Rules of Civil Procedure provide "successful plaintiffs in actions for damages for personal or property injuries with compensation for the delay preceding judgment." Francisco v. U.S., 267 F.3d 303, 309 (3d Cir. 2001). See Pa. R. Civ. P. 238. The purpose of delay damages is not to punish defendants, but to reduce court congestion by encouraging parties to settle their claims. See Arthur v. Kuchar, 546 Pa. 12, 24 (1996). "[R]ule 238 is substantive and must be followed by federal courts sitting in diversity cases." Kirk v. Raymark Industries, Inc., 61 F.3d 147, 168 (3d Cir 1995), citing Fauber v. KEM Transportation and Equipment Co., 876 F.2d 327 (3d Cir. 1989).

These damages cover the period from one year after the date original process was served to the date of any award, verdict, or decision. Pa. R. Civ. P. 238(a)(2). The court must calculate these damages "at a rate equal to the prime rate as listed in the first edition of the Wall Street Journal published for each calendar year for which the damages are awarded, plus one percent, not compounded." Pa. R. Civ. P. 238(a)(3). The prime rates published in the first edition of the Wall Street Journal for 2002 and 2003, plus one percent, are 5.75% and 5.25% respectively.

When calculating delay damages, the court must exclude the time after which defendant has made a written offer of settlement for 90 days, provided that the plaintiff's verdict did not amount to more than one hundred twenty-five percent of the offer. Pa. R. Civ. P. 238(b)(1)(i). In the present matter, the jury verdict of $350,000.00 equaled more than 125 percent of the defendants' last relevant settlement offer. (Doc. 76, ¶ 4).

2

Process was served on February 16, 2001.[1] (Doc. 5). Delay damages cannot include time during which plaintiffs' conduct caused delay of trial. Pa. R. Civ. P. 238(b)(1)(ii). Plaintiffs sought a continuance on March 3, 2003. (Doc. 76, ¶ 8). Therefore, the time period for calculation is February 16, 2002 through March 3, 2003. The molded verdict minus the loss of consortium damages equals $287,147.54.[2] Delay damages are calculated as follows:

02/16/02 - 12/31/02 (319 days/365 days)   x (5.75%) x $287,147.54 = $14,430.14

01/01/03 - 03/03/03 (62 days/365 days)   x (5.25%) x $287,147.54 = $ 2,560.72

The molded verdict plus delay damages is $329,138.40.

AND NOW, this 24th day of June, 2003, it is hereby ORDERED that plaintiffs' motion for delay damages (Doc. 76) is GRANTED. It is further ORDERED that:

1. The Clerk of the Court is DIRECTED to modify the molded jury verdict by adding delay damages in the amount of $16,990.86 and docket costs in the amount of $150.00 bringing the total amount of the verdict to $329,288.40.

2. The Clerk of Court is directed to modify the judgment entered on May 8, 2003 in favor of Plaintiffs Amanda Barge and Arthur Barge and against Salinger and Keystone to the total amount of $214,037.46.

---

[1] Service was effected through a waiver of service signed by counsel on behalf of Dr. Salinger and Keystone Oncology, LLC. (Doc. 5).

[2] Rule 238 does not allow delay damages on loss of consortium claims. See Anchorstar v. Mack Truck, 533 Pa. 177, 179 (1993).

3

3.  The Clerk of Court is directed to modify the judgment entered on May 8, 2003 in favor of Plaintiffs Amanda Barge and Arthur Barge and against Ying and CPRS to the total amount of $115,250.94.

4.  The Clerk of Court shall close this file.

                                                          S/ Christopher C. Conner
                                                    CHRISTOPHER C. CONNER
                                                    United States District Judge